### WOJAS v ROSATI

Docket No. 105830. Submitted December 4, 1989, at Detroit. Decided March 5, 1990.

Paul Rosati, a licensed residential builder, hired Brent Wojas to perform carpentry work at Rosati's residence. Wojas completed the work and sought payment of the balance due. Rosati refused to pay, and Wojas filed suit against Rosati, doing business as Paul Rosati Masonry Company, in district court seeking to recover payment of the balance allegedly due. Defendant moved for summary disposition on the ground that plaintiff was not licensed under the residential builder act and therefore could not maintain the action. The court denied the motion and, following trial, awarded plaintiff $2,279.29. The court's ruling that plaintiff was not required to be licensed under the act in order to maintain the action was based on three alternative theories: (1) that plaintiff worked only for wages and was exempted from the licensing regulation on that basis; (2) plaintiff was working as a time and material man for defendant and, as such, needed no license; and (3) if plaintiff were not a time and material man for defendant, he was defendant's subcontractor and needed no license because defendant was licensed. The Oakland Circuit Court, Gene Schnelz, J., denied defendant's appeal and awarded plaintiff damages for a vexatious claim. The Court of Appeals denied defendant leave to appeal, but awarded plaintiff costs and attorney fees. The Supreme Court denied defendant leave to appeal, but awarded plaintiff attorney fees. 432 Mich 902 (1989). Defendant now appeals from the circuit court's order granting plaintiff attorney fees for a vexatious appeal.

The Court of Appeals *held:*

Damages are warranted in this case because there was no

REFERENCES

Am Jur 2d, Building and Construction Contracts §§ 130, 131; Costs § 81.

Attorneys' fees: obduracy as basis for state-court award. 49 ALR4th 825.

Who is a "contractor" within statutes requiring the licensing of, or imposing a license tax upon, a "contractor" without specifying the kinds of contractors involved. 19 ALR3d 1407.

meritorious issue on appeal. Plaintiff was not a residential maintenance and alteration contractor and therefore required no license under the residential builder act. The circuit court did not abuse its discretion in awarding damages. Plaintiff's request for costs and attorney fees is granted and the matter is remanded to the district court for determination of reasonable attorney fees for services rendered in replying to the defendant's appeal.

Affirmed.

1. COURTS — ATTORNEY FEES — ABUSE OF DISCRETION.

The decision to award attorney fees is within the trial court's discretion; an abuse of that discretion occurs only when the result so violates fact and logic that it constitutes perversity of will, defiance of judgment, or the exercise of passion or bias.

2. APPEAL — DAMAGES — VEXATIOUS APPEAL — COURT RULES.

Damages for a vexatious appeal may be awarded where (1) the appeal was taken for purposes of hindrance or undue delay, (2) there is no meritorious issue on appeal, or (3) the record is grossly lacking in the requirements (MCR 7.101[P][1]).

3. LICENSES — RESIDENTIAL BUILDER ACT — CARPENTRY WORK — PAYMENT.

A person who is hired to do carpentry work only for wages and cost of materials furnished and who is not a residential maintenance and alteration contractor is not required to be licensed under the residential builder act in order to bring an action to recover payment for the work performed (MCL 339.2401 *et seq.*; MSA 18.425[2401] *et seq.*).

*Seymour F. Posner,* for plaintiff.

*Rosati Associates, P.C.* (by *A. D. Rosati*), for defendant.

Before: MARILYN KELLY, P.J., and GRIBBS and R. B. BURNS,* JJ.

MARILYN KELLY, P.J. Defendant appeals as of right from the circuit court's order granting plaintiff attorney fees for a vexatious appeal. MCR 7.101(P)(1)(a). We affirm.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Initially, plaintiff sued defendant in district court seeking payment for carpentry work he did in defendant's home. Defendant revealed, by way of affirmative defense, that plaintiff was not licensed under the residential builder act. MCL 339.2401 *et seq.*; MSA 18.425(2401) *et seq.* Defendant was a general contractor. He was licensed under the act. Defendant sought summary disposition claiming plaintiff could not recover, because he had no license. MCL 339.2412; MSA 18.425(2412). The trial judge denied the motion. Following a bench trial, he awarded plaintiff $2,279.29.

The judge's ruling that plaintiff was not required to be licensed was based on three alternative theories. First, plaintiff worked only for wages and was exempted from the statute under MCL 339.2401(b); MSA 18.424(2401)(b). Secondly, plaintiff was working not as an independent contractor but as a time and material man for defendant. Therefore, plaintiff needed no license and defendant, as owner and general contractor, did not need one either. MCL 339.2403(b); MSA 18.425(2403)(b). Thirdly, in the event plaintiff was not properly denominated a time and material man for defendant, he was his subcontractor. There was no violation of the act under this theory, because defendant was licensed. MCL 339.2403(e); MSA 18.425(2403)(e).

The circuit court denied defendant's appeal and awarded plaintiff damages for a vexatious claim. MCR 7.101(P)(1)(a). The judge found that defendant's appeal was based on nothing but a highly technical defense, that plaintiff had done the carpentry work satisfactorily, and that he should have been paid. The court's conscience was shocked by defendant's actions.

Defendant then sought leave to appeal the cir-

cuit court decision to the Court of Appeals. Leave was denied. He moved for reconsideration. It was denied. Plaintiff made two motions for costs and attorney fees. We granted the first and denied the second. Defendant next sought leave from the Supreme Court. When that was denied, he moved for reconsideration which was also denied. The Supreme Court granted plaintiff attorney fees. *Wojas v Rosati,* 432 Mich 902; 439 NW2d 912 (1989). Defendant now appeals the circuit court's award of attorney fees. He maintains his appeal to that court was not vexatious.

Traditionally, the decision to award attorney fees is within the trial court's discretion. See *Minor v Michigan Education Ass'n,* 127 Mich App 196, 201; 338 NW2d 913 (1983), *Keen v Keen,* 145 Mich App 824, 831; 378 NW2d 612 (1985), *In re Attorney Fees of Mullkoff,* 176 Mich App 82, 85; 438 NW2d 878 (1989), lv den 433 Mich 868 (1989), and *Hickey v Zezulka,* 177 Mich App 606, 623; 443 NW2d 180 (1989). An abuse of discretion exists only when the result so violates fact and logic that it constitutes perversity of will, defiance of judgment or the exercise of passion or bias. *Marrs v Bd of Medicine,* 422 Mich 688, 694; 375 NW2d 321 (1985).

Damages for a vexatious appeal may be awarded where (1) the appeal was taken for purposes of hindrance or undue delay, (2) there is no meritorious issue on appeal or (3) the record is grossly lacking in the requirements. MCR 7.101(P)(1).

In this case, damages are warranted, because there was no meritorious issue on appeal. The uncontroverted testimony indicates that plaintiff worked only for wages and sought only reimbursement for materials furnished. MCL 339.2401(e); MSA 18.425(2401)(e). He was not a residential maintenance and alteration contractor. Therefore,

he required no license under the act. MCL 339.2412; MSA 18.425(2412). The court did not abuse its discretion in awarding damages.

Plaintiff's request for costs and attorney fees is granted. MCR 7.216, MCR 7.219(A). We remand to the 52-3 District Court for determination of reasonable attorney fees for services rendered in replying to this appeal.

Affirmed.