MODEL LAUNDRIES & DRY CLEANERS v AMOCO CORPORATION

Docket No. 159680. Submitted June 7, 1995, at Lansing. Decided March 19, 1996, at 9:00 A.M.

Model Laundries & Dry Cleaners and William and Janice Banacki brought an action in the Genesee Circuit Court against Amoco Corporation, and others, seeking damages for environmental contamination caused by leaking underground storage tanks. The suit alleged violations of the Michigan Environmental Protection Act, MCL 324.1701 *et seq.*; MSA 13A.1701 *et seq.*, and the Michigan Environmental Response Act, MCL 324.20101 *et seq.*; MSA 13A.20101 *et seq.* The claim under the Michigan Environmental Response Act included a request for statutory attorney fees. The jury found Amoco Corporation completely responsible for the contamination. The trial court, Judith A. Fullerton, J., ordered Amoco to pay all investigation and response costs incurred in connection with the cleanup of the land but denied the plaintiffs' request for an award of litigation costs and attorney fees, finding that the plaintiffs' dilatory tactics during the litigation should not be rewarded. The plaintiffs appealed.

The Court of Appeals *held:*

1. The Michigan Environmental Protection Act does not contain a provision allowing for an award of attorney fees. The trial court properly held that the plaintiffs were not entitled to attorney fees pursuant to the MEPA.

2. The award or denial of a request for attorney fees pursuant to subsection 20135(5) of the Michigan Environmental Response Act, MCL 324.20135(5); MSA 13A.20135(5), is discretionary and is reviewed for an abuse of discretion. Here, the trial court did not abuse its discretion in denying the request for attorney fees pursuant to subsection 20135(5). The denial was clearly supported by the evidence.

Affirmed.

MARILYN KELLY, P.J., dissenting in part, stated that although the plaintiffs are not entitled to an award of attorney fees under the Michigan Environmental Protection Act, the trial court abused its discretion in failing to award attorney fees under the Michigan Environmental Response Act. The record does not support the

finding that the plaintiffs were solely responsible for the numerous delays in the proceedings.

1. ENVIRONMENT — ENVIRONMENTAL PROTECTION ACT — COSTS — ATTORNEY FEES.

Subsection 1703(3) of the Michigan Environmental Protection Act authorizes the recovery of costs but not the recovery of attorney fees (MCL 324.1703[3]; MSA 13A.1703[3]).

2. ENVIRONMENT — ENVIRONMENTAL RESPONSE ACT — ATTORNEY FEES — APPEAL.

The granting or denial of an award of attorney fees pursuant to subsection 20135(5) of the Michigan Environmental Response Act is within the discretion of the trial court and is reviewed for an abuse of discretion; a reviewing court will find an abuse of discretion only where the result so violates fact and logic that it constitutes perversity of will, defiance of judgment, or the exercise of passion or bias (MCL 324.20135[5]; MSA 13A.20135[5]).

*Smith, Bovill, Fisher, Meyer & Borchard, P.C.* (by *David B. Meyer*), and *Trembley & Trembley, P.C.* (by *James Trembley*), for the plaintiffs.

*Harvey, Kruse, Westen & Milan, P.C.* (by *George W. Steel* and *Michael J. Guss*), for Amoco Corporation.

Before: MARILYN KELLY, P.J., and O'CONNELL and D. A. TEEPLE,* JJ.

O'CONNELL, J. Plaintiffs appeal as of right the circuit court's denial of their motion for attorney fees under the Michigan Environmental Protection Act (MEPA), MCL 324.1701 *et seq.*; MSA 13A.1701 *et seq.*,[1] and the Michigan Environmental Response Act (MERA), MCL 324.20101 *et seq.*; MSA 13A.20101 *et seq.*[2] We affirm.

Plaintiffs William and Janice Banacki, copartners of plaintiff Model Laundries & Dry Cleaners, were own-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Formerly MCL 691.1201 *et seq.*; MSA 14.528(201) *et seq.*

[2] Formerly MCL 299.601 *et seq.*; MSA 13.32(1) *et seq.*

ers of land contaminated by leaking underground storage tanks. They brought suit against defendants, alleging, inter alia, violations of the MEPA. When significant amendments of the MERA were made, plaintiffs sought and obtained leave of the court to amend their complaint to include a claim under the MERA. Defendant Amoco Corporation was found by a jury to be completely responsible for the contamination.

Plaintiffs' MERA claim included a request for statutory attorney fees. The trial court ordered Amoco to pay all investigation and response costs incurred in connection with the cleanup of the contaminated land. However, the court denied plaintiffs' request for litigation costs and attorney fees, reasoning that plaintiffs had manipulated the proceedings, repeatedly delaying the trial until the amendments of the MERA took effect. Had the case progressed normally, the court stated, plaintiffs would not have been entitled to attorney fees. Therefore, the court refused to allow plaintiffs to benefit from their dilatory tactics.

On appeal, plaintiffs argue that they are entitled to attorney fees pursuant to specific provisions of both the MEPA and the MERA. With respect to the MEPA contention, plaintiffs rely on subsection 1703(3) of the act, MCL 324.1703(3); MSA 13A.1703(3). However, as clarified in *Attorney General v Piller (After Remand)*, 204 Mich App 228, 232; 514 NW2d 210 (1994), subsection 1703(3) authorizes the recovery of only costs, not attorney fees. Therefore, there being no provision in the MEPA allowing for the award of attorney fees, plaintiffs are not entitled to them pursuant to that act.

With respect to the MERA contention, plaintiffs contend that the trial court abused its discretion in failing to award attorney fees pursuant to subsection

20135(5) of the MERA, MCL 324.20135(5); MSA
13A.20135(5). The subsection in issue provides as
follows:

> In issuing a final order in an action brought pursuant to
> this section, the court may award costs of litigation, includ-
> ing reasonable attorney and expert witness fees to the pre-
> vailing or substantially prevailing party if the court deter-
> mines that an award is appropriate.

Because the award or denial of attorney fees pursu-
ant to subsection 20135(5) is discretionary, it is
reviewed for an abuse of discretion. See, e.g., *Butzer
v Camelot Hall Convalescent Centre, Inc (After
Remand)*, 201 Mich App 275, 278; 505 NW2d 862
(1993); *Stackhouse v Stackhouse*, 193 Mich App 437,
445; 484 NW2d 723 (1992). As this Court explained in
*Wojas v Rosati*, 182 Mich App 477, 480; 452 NW2d 864
(1990), when discussing the abuse of discretion stan-
dard of review in the context of awards of attorney
fees, "[a]n abuse of discretion exists only when the
result so violates fact and logic that it constitutes per-
versity of will, defiance of judgment or the exercise
of passion or bias."

In the present case, we find no abuse of discretion.
More than a year after plaintiffs commenced their
suit, defendant Amoco moved for summary disposi-
tion because plaintiffs had failed to provide an expert
witness for deposition. Plaintiffs sought, and
obtained, an extension of time for discovery. Approxi-
mately four months later, defendant Amoco again
moved for summary disposition for the same reason;
plaintiffs still had not yet obtained an expert witness.
Recognizing plaintiffs' delaying tactics, the court
granted Amoco's motion. Plaintiffs then quickly pro-

duced the affidavits of expert witnesses, and the circuit court reinstated the action.

Trial was adjourned three times, each time at the behest of plaintiffs. As noted by defendant Amoco in its response to plaintiffs' motion to enter a verdict, "It is quite ironic that the plaintiffs now asserts [sic] that because they were able to amend their complaint *after* the third trial date . . . they can point to a statute effective *after* the first three trial dates in efforts to obtain legal fees."

Because the court's action in denying an award of attorney fees was clearly supported by the evidence, we find no abuse of discretion.

With all due respect, while the dissent would focus on a subjective evaluation of the equities of the case, our review is not de novo. The circuit court was also cognizant of the equities, and expressly conceded that they favored plaintiffs, but nevertheless declined to award plaintiffs attorney fees. One could reasonably disagree with the determination of the lower court; however, one could not seriously contend that the court's actions were so violative of fact and logic as to constitute perversity of will or defiance of judgment.[3] *Wojas, supra.*

Affirmed.


D. A. TEEPLE, J., concurred.

---

[3] *People v Hellis*, 211 Mich App 634, 650-651; 536 NW2d 587 (1995), illustrates the deference due a lower court when an appellate court conducts a review under the abuse of discretion standard. Reviewing the sentence of the defendant, a type of ruling also reviewed for an abuse of discretion, this Court evinced palpable dissatisfaction with the sentence imposed. Nevertheless, cognizant of its role when reviewing for an abuse of discretion, this Court affirmed.

Marilyn Kelly, P.J. (*concurring in part and dissenting in part*). I agree with the majority that plaintiffs are not entitled to attorney fees under § 1703(3) of MEPA, MCL 324.1703(3); MSA 13A.1703(3). *Attorney General v Piller (After Remand)*, 204 Mich App 228, 232; 514 NW2d 210 (1994).

However, I believe that the trial court abused its discretion in failing to award attorney fees to them under § 20135(5) of MERA. MCL 324.20135(5); MSA 13A.20135(5). According to the majority, plaintiffs were solely responsible for the adjournments. The record indicates otherwise.

On July 27, 1990, plaintiffs petitioned the judge to adjourn the mediation and trial. They put forth three reasons: (1) they had to retain a different expert to evaluate the premises and review the documentation; (2) the son of one of defendants' experts had been murdered, so the expert's deposition had to be delayed; and (3) another deposition had to be rescheduled, because counsel for Buckeye Marketers and Garb-Ko had been unable to attend an earlier one. Defendant Amoco filed a concurrence to plaintiffs' motion to adjourn. Therefore, the initial adjournment was not caused solely by plaintiffs' delaying tactics, as the majority suggests.

Also, the record does not support the majority's assertion that summary disposition was granted to defendant Amoco because plaintiffs failed to obtain an expert witness. Rather, plaintiffs did hire experts but did not receive their reports and affidavits before the hearing on defendants' motion for summary disposition. Once plaintiffs had the information and submitted it to the trial court, the case was reinstated. The proceedings were delayed, also, because the

court's file was mislaid after being transferred to district court.

Therefore, plaintiffs were not solely responsible for the numerous delays ascribed to them by the majority. The trial court cited plaintiffs' delays as the only reason for denying them an award of attorney fees. The court acknowledged that the equities clearly favored plaintiffs.

I am not, as the majority suggests, reviewing this matter *de novo*. Instead, I carefully reviewed the record to determine whether the result violates fact and logic. *Wojas v Rosati,* 182 Mich App 477, 480; 452 NW2d 864 (1990). In this case, it does. The record does not support the judge's conclusion that, because of plaintiffs' delays, they were able to seek attorneys fees. Moreover, the judge refused to award attorney fees even where defendant Amoco was found one hundred percent liable for the contamination.

Public policy favors an award of attorney fees to the prevailing or substantially prevailing party in environmental suits brought by citizens. It was in the interest of cleaning up the environment as quickly as possible that the Legislature provided the vehicle for individuals to initiate litigation without awaiting government action. The attorney fees provision of MERA serves an important purpose. It enables individuals, otherwise without the necessary financial means, to initiate and carry to completion a complex environmental action. I find it compelling that attorney fees be awarded in this case where defendant Amoco was determined to be solely liable for the contamination. I would reverse the portion of the judge's order denying attorney fees to plaintiffs under MERA.