SHANAFELT v ALLSTATE INSURANCE COMPANY

Docket No. 186268. Submitted June 5, 1996, at Grand Rapids. Decided July 23, 1996, at 9:05 A.M.

Orville and Joyce Shanafelt brought an action in the Muskegon Circuit Court against Allstate Insurance Company, alleging breach of contract and seeking declaratory relief. Plaintiff Joyce Shanafelt was injured when she, with a hand on the open door of the parked family vehicle, slipped and fell on the icy ground as she took a step toward the vehicle with the intent of entering it. The defendant denied coverage under the no-fault insurance policy it had issued with respect to the plaintiffs' vehicle on the basis that the injuries did not arise out of the use of a motor vehicle as a motor vehicle because the vehicle was parked at the time of the incident. The plaintiffs' health care insurer paid the medical expenses associated with Joyce Shanafelt's injuries under a coordinated health insurance policy. In their complaint, the plaintiffs alleged that there was coverage under the uncoordinated no-fault policy issued by the defendant because the injuries arose while Joyce Shanafelt was entering into the vehicle and the exception of MCL 500.3106(1)(c); MSA 24.13106(1)(c) to the parked vehicle exclusion applied. The court, Michael E. Kobza, J., granted summary disposition for the plaintiffs, concluding that there was no genuine issue of material fact that the injuries arose while Joyce Shanafelt was entering into the vehicle. The court held that the plaintiffs were entitled to recover from the defendant under the no-fault policy despite the fact that the expenses that they were seeking had already been paid by the health care insurer. The court ordered the defendant to pay the plaintiffs' attorney fees pursuant to MCL 500.3148(1); MSA 24.13148(1) on the basis that the defendant had unreasonably denied the plaintiffs' claim, but the court declined to award statutory or penalty interest to the plaintiffs. The defendant appealed, and the plaintiffs cross appealed.

The Court of Appeals held:

1. The undisputed facts demonstrate that Joyce Shanafelt was entering into the parked vehicle within the meaning of MCL 500.3106(1)(c); MSA 24.13106(1)(c), and, thus, the plaintiffs established one of the exceptions to the parked vehicle exclusion. As a matter of law, the establishing of one of the exceptions to the

parked vehicle exclusion establishes that the injury arose out of the use of a motor vehicle as a motor vehicle. Accordingly, because the facts were undisputed, the court properly granted summary disposition for the plaintiffs with respect to the question of liability.

2. MCL 500.3148(1); MSA 24.13148(1) provides that attorney fees are recoverable from an insurer if a court finds that the insurer unreasonably refused to pay a claim or unreasonably delayed in paying a claim. A delay is not unreasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty. Because the facts were not in dispute and the defendant raised no question of constitutional law, the defendant would be free from liability for attorney fees based on its refusal to pay the claim only if it could demonstrate that there was a legitimate question of statutory construction. Because there was clear precedent that there was coverage under the facts, the court did not abuse its discretion in finding that the defendant's refusal to pay the claim was unreasonable and in awarding the plaintiffs attorney fees.

3. Allowable personal protection expenses under § 3107(1)(a) of the no-fault act, MCL 500.3107(1)(a); MSA 24.13107(1)(a), consist of all reasonable charges incurred for reasonably necessary products, services, and accommodations for an injured claimant's care, recovery, and rehabilitation. A charge is incurred if the person becomes liable for it. The fact that a person may have contracted for health insurance to secure the payment of such liability does not mean that the person has not incurred the expense within the meaning of the no-fault act.

4. The holding in *Smith v Physicians Health Plan, Inc*, 444 Mich 743 (1994), does not preclude an insured from seeking under an uncoordinated no-fault policy personal protection benefits for medical expenses that have already been paid by a health care insurer under a coordinated health insurance policy. *Smith* only precludes an insured from seeking under a coordinated health insurance policy payment of medical expenses that have already been paid under an uncoordinated no-fault policy.

5. The plaintiffs were entitled pursuant to § 6013 of the Revised Judicature Act, MCL 600.6013; MSA 27A.6013, to statutory interest on the judgment from the date of the filing of the complaint to the date of judgment. Accordingly, the court erred in failing to award the plaintiffs interest pursuant to § 6013.

6. Section 3142 of the no-fault act, MCL 500.3142; MSA 24.13142, provides that a prevailing plaintiff in an action brought pursuant to the no-fault act is entitled to penalty interest where personal protection benefits were not paid within thirty days of reasonable

proof of the fact and amount of a loss. Under the circumstances of this case, the plaintiffs were entitled to such penalty interest. Accordingly, the court erred in failing to award to the plaintiffs penalty interest pursuant to § 3142.

Affirmed, but judgment vacated; matter remanded for a determination of statutory and penalty interest.

1. INSURANCE — NO-FAULT — PARKED VEHICLES.

Proofs sufficient to establish that an injury was sustained while an insured was entering into a motor vehicle and thus establish exemption from the parked vehicle exclusion from no-fault insurance coverage are, as a matter of law, sufficient to establish the requirement that the injury arose out of the use of a motor vehicle as a motor vehicle (MCL 500.3105[1], 500.3106[1][c]; MSA 24.13105 [1], 24.13106[1][c]).

2. INSURANCE — NO-FAULT — DELAY IN PAYMENT — UNREASONABLE DELAY.

A no-fault insurer's delay in making payments to an insured is not unreasonable within the meaning of the attorney fee provision of the no-fault act where the delay is a product of a legitimate question of statutory construction, constitutional law, or bona fide factual uncertainty (MCL 500.3148[1]; MSA 24.13148[1]).

3. INSURANCE — NO-FAULT — MEDICAL EXPENSES — INCURRED EXPENSES.

A medical expense is incurred by an injured insured within the meaning of the personal protection benefits provision of the no-fault act if the insured becomes liable for the expense; the fact that the injured insured has contracted with a health insurer for the payment of those medical expenses does not render those expenses any less incurred by the insured than if no such health insurance policy existed (MCL 500.3107[1][a]; MSA 24.13107[1][a]).

4. INSURANCE — NO-FAULT — HEALTH INSURANCE — MEDICAL EXPENSES — COORDINATION OF BENEFITS.

The holding in *Smith v Physicians Health Plan, Inc*, 444 Mich 743 (1994), does not preclude an insured from seeking under an uncoordinated no-fault policy personal protection benefits for medical expenses that have already been paid by a health care insurer under a coordinated health insurance policy; *Smith* only precludes an insured from seeking under a coordinated health insurance policy payment of medical expenses that have already been paid under an uncoordinated no-fault policy.

*Parmenter O'Toole* (by *Shawn P. Davis*), for the plaintiffs.

*Straub, Seaman & Allen, P.C.* (by *Carol J. Wilson* and *Joseph R. Enslen*), for the defendant.

Before: O'CONNELL, P.J., and SAWYER and G. R. COR-SIGLIA,* JJ.

O'CONNELL, P.J. In this no-fault insurance action, defendant insurer appeals as of right the order of the circuit court granting summary disposition on the issue of liability in favor of plaintiffs. Defendant also appeals the final judgment, and plaintiffs cross appeal this order as well, with both parties challenging the amount of damages awarded. We affirm the order granting summary disposition in favor of plaintiffs and the awards of damages and attorney fees, but vacate the final judgment and remand for a determination of statutory and penalty interest.

In winter, 1994, plaintiff Joyce Shanafelt (hereinafter plaintiff) and her husband[1] dined at a Muskegon restaurant. After finishing their meal and leaving the restaurant, plaintiff's husband told plaintiff to wait on the sidewalk while he retrieved their truck from the parking lot. Plaintiff's husband walked to the truck, drove it to the curb, put the vehicle in park, and then left the truck to assist his wife. Plaintiff, however, did not wait for her husband's assistance. She placed her hand on the vehicle door, opened the door, and took a small step toward the truck. Unfortunately, the ground was icy, and plaintiff slipped and fell, severely injuring her leg.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff Joyce Shanafelt's husband, Orville Shanafelt, is also a plaintiff in this action. However, because Orville's claims are derivative of Joyce's claims, to facilitate discussion we refer herein only to Joyce as plaintiff.

Plaintiff had first-party insurance policies with two insurance companies. First, plaintiff had a coordinated health insurance policy with an insurer who is not a party to this action. Second, plaintiff had an uncoordinated no-fault automobile insurance policy with defendant.

Plaintiff promptly notified defendant of the incident, seeking no-fault benefits. Michigan's no-fault automobile insurance act provides that "an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." MCL 500.3105(1); MSA 24.13105(1). While injuries stemming from the use of a parked vehicle are generally excluded from coverage, MCL 500.3106(1); MSA 24.13106(1), coverage is nonetheless provided where "the injury was sustained by a person while occupying, entering into, alighting from the [parked] vehicle." MCL 500.3106(1)(c); MSA 24.13106(1)(c). Plaintiff alleged that the injury was covered under the no-fault policy issued by defendant because the injury had occurred while she was "entering into" a parked vehicle within the meaning of MCL 500.3106(1)(c); MSA 24.13106(1)(c).

Defendant denied plaintiff's claim. Defendant notified plaintiff that the mere presence of a motor vehicle did not constitute its "use" for purposes of the no-fault act. Because plaintiff's injuries resulted neither from a motor vehicle accident nor from the vehicle itself, defendant denied coverage.

The health insurer paid plaintiff's claim for medical expenses pursuant to the coordinated insurance contract in force at the time. Because the health insurer is not a party to this action, the record does not con-

tain the details of the expenses that were covered. The evidence presented below suggested that this insurer paid all of plaintiff's medical expenses.[2]

Plaintiff brought suit against defendant insurer, alleging breach of contract and seeking declaratory relief. Following cross motions for summary disposition, the circuit court granted summary disposition pursuant to MCR 2.116(C)(10) in favor of plaintiff, concluding that there was no genuine issue of material fact that plaintiff was in the process of entering the vehicle when she was injured. The court also stated plaintiff was entitled to recover from defendant despite the fact that plaintiff's expenses had already been paid by the health insurer, which is to say, the court condoned plaintiff's double recovery in the present case. The court also ordered defendant to pay plaintiff's attorney fees pursuant to a provision of the no-fault act allowing the award of attorney fees where an insurer unreasonably has refused to pay a claim. However, the court declined to award statutory or penalty interest to plaintiff.

Defendant now appeals, arguing that plaintiff was not "entering into" a vehicle at the time she was injured; that, accordingly, defendant's denial of the claim was not unreasonable and that the court's award of attorney fees was unwarranted; that, regardless of this Court's resolution of the "entering into" question, Supreme Court precedent precludes double recoveries in situations such as the present one; and,

---

[2] Plaintiff Orville Shanafelt has improperly supplemented the record on appeal with an affidavit averring that the Shanafelts paid approximately $1400 in medical expenses themselves. We have not considered this affidavit. *Isagholian v Transamerica Ins Corp*, 208 Mich App 9, 18; 527 NW2d 13 (1994).

if the preceding arguments fail, that the amount of damages awarded was incorrect. Plaintiff cross appeals, contending that she was entitled to both statutory and penalty interest.

I

Defendant first contends that the circuit court erred in granting summary disposition in favor of plaintiff. The parties agree regarding all germane factual matters; the only question is whether the undisputed facts establish that plaintiff was "entering into" her vehicle at the time the incident underlying this litigation occurred. We find that the evidence supports the circuit court's conclusion that plaintiff was "entering into" her vehicle, and, accordingly, we affirm the court's grant of summary disposition with respect to the issue of liability.

The no-fault act provides that "an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." MCL 500.3105(1); MSA 24.13105(1). "Injuries that arise out of the use of a parked motor vehicle generally are not covered under the no-fault act. MCL 500.3106(1); MSA 24.13106(1)." *Yost v League General Ins Co*, 213 Mich App 183, 184; 539 NW2d 568 (1995). However, several exceptions exist to this "parked vehicle exclusion." *Id.* Significantly, one may recover for injuries despite the fact that the vehicle involved was parked where the injury is sustained while "entering into" the vehicle. MCL 500.3106(1)(c); MSA 24.13106(1)(c). As set forth in *Gooden v Transamerica Ins Corp of America*, 166 Mich App 793, 797; 420 NW2d 877 (1988), "in order to recover for an injury in cases

such as this, a claimant must show that an exception to the parked vehicle exclusion applies *and* the injury arose out of the use of a motor vehicle as a motor vehicle."

In the present case, the parties do not dispute that the vehicle was parked within the relatively broad definition afforded that term under the no-fault act. See, e.g., *MacDonald v Michigan Mutual Ins Co*, 155 Mich App 650, 655; 400 NW2d 305 (1986). Thus, because recovery under the no-fault act for injuries involving parked vehicles is, in general, precluded, MCL 500.3106(1); MSA 24.13106(1), plaintiff had the burden of demonstrating that the unrefuted evidence established both that one of the exceptions to the parked vehicle exclusion applied and that the injury arose out of the use of a motor vehicle as a motor vehicle. *Gooden, supra.* Our review of the record indicates that plaintiff successfully carried her burden.

First, the evidence establishes that plaintiff's injuries fall within the "entering into" a vehicle exception to the parked vehicle exclusion of the no-fault act. One of the exceptions to the parked vehicle exclusion allows recovery where an injury "was sustained by a person while . . . entering into . . . the vehicle." MCL 500.3106(1)(c); MSA 24.13106(1)(c). In *Hunt v Citizens Ins Co*, 183 Mich App 660, 663; 455 NW2d 384 (1990), the plaintiff had his car keys in one hand and his other hand on the car door when he was struck by a vehicle. This Court concluded that the plaintiff was entering into the car when the accident occurred. Here, plaintiff placed her hand on the door handle, opened the door, took a small step, and then fell. We discern no material distinction between the present case and *Hunt*; if anything, the present plaintiff had

progressed further in "entering into" the vehicle than had the plaintiff in *Hunt,* a fact that strengthens plaintiff's position. Further, our review of the decisions of other jurisdictions support our conclusion that the present plaintiff was "entering into" her vehicle. See anno: *What constitutes "entering" or "alighting from" vehicle within meaning of insurance policy, or statute mandating insurance coverage,* 59 ALR4th 150, 166-167, § 6a. Therefore, we agree with the circuit court that no genuine dispute exists concerning whether plaintiff was "entering into" her vehicle at the time she sustained injury.

Second, we conclude that, as a matter of law, plaintiff's injury arose out of the use of a motor vehicle as a motor vehicle, a requirement sometimes referred to as the causative or causal nexus requirement. See, e.g., *Ansara v State Farm Ins Co,* 207 Mich App 320, 322; 523 NW2d 899 (1994). As stated by our Supreme Court in *Thornton* v *Allstate Ins* Co, 425 Mich 643, 659; 391 NW2d 320 (1986): "The involvement of the car in the injury should be 'directly related to its character as a motor vehicle' [to satisfy the causal nexus requirement]. *Miller v Auto-Owners Ins Co,* [411 Mich 633, 640; 309 NW2d 544 (1981)]." As explained more thoroughly in *Miller,* pp 639-640 (emphasis altered):

> Injuries involving parked vehicles do not normally involve the vehicle as a motor vehicle. Injuries involving parked vehicles typically involve the vehicle in much the same way as any other stationary object (such as a tree, sign post or boulder) would be involved. There is nothing about a parked vehicle as a motor vehicle that would bear on the accident.
>
> The stated exceptions to the parking exclusion clarify and reinforce this construction of the exclusion. *Each exception pertains to injuries related to the character of*

*the parked vehicle as a motor vehicle*—characteristics which make it unlike other stationary roadside objects that can be involved in vehicle accidents.

Thus, because the involvement of the car must be "directly related to its character as a motor vehicle," *Thornton, supra,* quoting *Miller, supra,* and because the "entering into" exception to the parked vehicle exclusion "pertains to . . . the character of the parked vehicle as a motor vehicle," *Miller, supra,* as a matter of law, the "entering into" exception satisfies the causative or "arising out of" requirement. Therefore, plaintiff has demonstrated that her injuries arose out of the use of a motor vehicle as a motor vehicle.

In summary, the undisputed facts demonstrate that plaintiff was "entering into" the parked vehicle at the time she sustained injury. Statements of our Supreme Court make clear that where one is injured "entering into" a parked vehicle, those injuries are deemed to be directly related to the vehicle's character as a motor vehicle. Therefore, there being no genuine issue of material fact, we conclude that the circuit court acted properly in granting plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10).

II

Defendant next argues that the circuit court erred in awarding plaintiff attorney fees. We disagree, and affirm the award of attorney fees.

A circuit court's decision to award attorney fees is, in general, discretionary. *Wojas v Rosati,* 182 Mich App 477, 480; 452 NW2d 864 (1990). A court abuses that discretion " 'only when the result so violates fact and logic that it constitutes perversity of will, defiance of judgment or the exercise of passion or bias.' "

*Model Laundries & Dry Cleaners v Amoco Corp,* 216 Mich App 1, 4; 548 NW2d 242 (1996), quoting *Wojas, supra,* p 480. In short, an abuse of discretion may properly be found only where the court acts in a most injudicious fashion. *Model Laundries, supra,* p 5, n 3.

In a no-fault action, a prevailing plaintiff is entitled to attorney fees where the defendant insurer unreasonably refused to pay a claim. The general rule is that a party may not recover attorney fees as an element of costs or damages unless a statute, court rule, or judicial exception specifically allows such a remedy. *Popma v Auto Club Ins Ass'n,* 446 Mich 460, 474; 521 NW2d 831 (1994). The no-fault act contains such a provision allowing the award of attorney fees:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. [MCL 500.3148(1); MSA 24.13148(1).]

As explained in *McCarthy v Auto Club Ins Ass'n,* 208 Mich App 97, 105; 527 NW2d 524 (1994), when considering whether attorney fees are warranted under the no-fault act, the inquiry is not whether coverage is ultimately determined to exist, but whether the insurer's initial refusal to pay was reasonable. Further, this Court has also explained that a delay is not unreasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty. *Liddell v DAIIE,* 102 Mich App 636, 650; 302 NW2d 260 (1981).

Here, we find no abuse of discretion. Defendant has raised no question of constitutional law, and the parties agree to the pertinent facts, meaning defendant must demonstrate a "legitimate question of statutory construction." *Id.* As explained in section I, given Michigan precedent, one could not seriously contend that the undisputed facts did not constitute "entering into" a vehicle as that term is used in MCL 500.3106(1)(c); MSA 24.13106(1)(c), which is the only justification defendant gave plaintiff for denying the claim. Additionally, our Supreme Court has made clear that any injuries one sustains when "entering into" a vehicle as a matter of law "arise from" the use of that vehicle as a motor vehicle. *Thornton, supra,* p 659; *Miller, supra,* pp 640-641. Because of the relative clarity of the governing precedent, we agree with the circuit court that defendant's denial of plaintiff's claim was unreasonable. While it is conceivable that one could disagree with the court's finding that defendant's denial was unreasonable, "one could not seriously contend that the court's actions were so violative of fact and logic as to constitute perversity of will or defiance of judgment." *Model Laundries, supra,* p 5. Therefore, finding no abuse of discretion, we affirm the award of attorney fees.

III

Defendant also presents a two-tiered argument pertaining to the fact that plaintiff's medical expenses were paid by her health insurer. First, defendant contends that plaintiff never incurred expenses because her medical bills were paid directly by her health insurer and, accordingly, that she may not seek reimbursement for expenses that she did not incur. Sec-

ond, defendant argues that even should this Court determine that plaintiff incurred expenses, she may not be compensated by both her health insurer and defendant because, defendant asserts, such a double recovery is prohibited by our Supreme Court's decision in *Smith v Physicians Health Plan, Inc*, 444 Mich 743; 514 NW2d 150 (1994). We find defendant's first argument to be meritless and defendant's second argument to be interesting, but ultimately unconvincing.

First, plaintiff "incurred" expenses and these expenses are, therefore, compensable under the no-fault automobile insurance policy issued by defendant. As relevant to the present appeal, MCL 500.3107(1); MSA 24.13107(1) provides as follows:

> [P]ersonal protection insurance benefits are payable for the following:
>
> (a) Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation.

The Courts have determined that an expense is not an "allowable expense" within the meaning of MCL 500.3107(1)(a); MSA 24.13107(1)(a), unless (1) the charge for the expense is reasonable, (2) the expense is reasonably necessary for the insured's care, and (3) the expense is incurred. *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 50; 457 NW2d 637 (1990). Defendant does not challenge the first two elements set forth in *Nasser*, but contends only that because plaintiff's health insurer rather than plaintiff herself paid her medical expenses, plaintiff did not incur expenses.

Defendant's position is untenable. The word "incurred" is not defined in the no-fault act, so we accord the word its plain and ordinary meaning within the context of the statute. *In re PSC's Determination Regarding Coin-Operated Telephones*, 204 Mich App 350, 353; 514 NW2d 775 (1994). A dictionary may be used when determining the meaning of a word. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 470; 521 NW2d 831 (1994). The primary definition of the word "incur" is "to become liable for." *Random House Webster's College Dictionary* (1995). Obviously, plaintiff became liable for her medical expenses when she accepted medical treatment. The fact that plaintiff had contracted with a health insurance company to compensate her for her medical expenses, or to pay directly the health care provider on her behalf, does not alter the fact that she was obligated to pay those expenses. Therefore, one may not reasonably maintain that plaintiff did not incur expenses. Thus, defendant has presented no argument suggesting that plaintiff's expenses were not allowable expenses as that term is used in MCL 500.3107(1)(a); MSA 24.13107(1)(a).

The second tier of defendant's argument is thornier. Defendant argues that pursuant to *Smith, supra*, plaintiff may not be twice compensated where she was covered by an uncoordinated no-fault automobile insurance policy and a coordinated health insurance policy. Defendant avers that *Smith* stands for the proposition that where an insured is covered by one coordinated insurance policy and one uncoordinated policy, the insured is entitled to only a single recovery, as opposed to a double recovery. Because in the present case, plaintiff's medical expenses were paid

pursuant to her coordinated health insurance policy, plaintiff may not, defendant submits, recover her expenses again from defendant pursuant to her uncoordinated no-fault automobile insurance policy, which would be a double recovery, a result, it is argued, precluded by *Smith*.

While we agree that the Supreme Court's decision in *Smith*, *supra*, p 757, reflects a recognition of the Legislature's marked inclination to "discourage duplicate coverage," we find the reasoning of *Smith* to be inapplicable under the facts of the present case. Therefore, because defendant has advanced only *Smith* as a justification for denying plaintiff a double recovery, a decision that we find inapplicable, we hold that defendant has presented no defensible rationale for denying plaintiff coverage under her uncoordinated no-fault automobile insurance policy.

The legally significant facts of *Smith* are very similar to those occurring in the present case. In *Smith*, the plaintiff was injured in an automobile accident. The plaintiff enjoyed insurance coverage identical to that existing in the instant case–an uncoordinated no-fault automobile insurance policy[3] and a coordinated health insurance policy. The coordination of benefits provision of the health insurance contract provided that should the insured be covered under two or more insurance plans, "the coverage under those Plans will be coordinated so that up to, but no more than, 100% of any Eligible Expenses will be paid for,

---

[3] The plaintiff was covered by more than one uncoordinated no-fault automobile insurance policy. *Smith*, *supra*, p 747. Any differences between the policies were, apparently, not material for purposes of the Court's analysis. *Id*. For ease of discussion, we address the multiple uncoordinated no-fault automobile insurance policies in *Smith* as if they were one policy.

or provided by, all such Plans combined." *Id.*, pp 747-748, n 3.

Following the accident, the plaintiff received medical treatment, and the plaintiff's no-fault automobile insurer reimbursed the plaintiff's health care provider pursuant to the terms of its uncoordinated policy. The plaintiff's health care insurer, however, who had issued the coordinated policy to plaintiff, denied the claim. The plaintiff brought suit against the health care insurer, seeking the value of the medical expenses incurred.

The Supreme Court ruled that the plaintiff was not entitled to recover under the coordinated health insurance policy where she had already recovered under the uncoordinated no-fault automobile insurance policy. At issue was whether the coordination of benefits clause in the health insurance contract could be enforced. Because to enforce the clause would deny the plaintiff recovery against the health insurer, the plaintiff sought a "nullification," *id.*, p 754, of the clause. The plaintiff contended that because an increased premium had been paid to the *no-fault insurer* for an uncoordinated policy, enforcement of the coordination of benefits clause in the policy issued by the *health insurer* would deprive the plaintiff of the benefits contracted for.

The Court reasoned that because no-fault automobile insurance was statutorily created, it would have to be determined whether the Legislature, in creating the coordination provision of the no-fault act, intended "to prevent enforcement of the coordination clause in the health care policy." *Id.*, p 758. The Court concluded that nothing in the no-fault act explicitly prevented enforcement of the coordination provision

and that "strong policy reasons" discouraging dupli-
cate coverage supported a conclusion that the no-
fault act could not reasonably be construed to under-
mine enforcement of the coordination provision. *Id.*,
pp 757-758. Thus, because the Legislature had evinced
no intent to prevent enforcement of coordination pro-
visions in the context of no-fault automobile insur-
ance, the case was "a matter of simple contract inter-
pretation." *Id.*, p 758. Because the plaintiff's coordi-
nated health insurance contract provided that the
health insurer would be liable to ensure that the eligi-
ble expenses were paid in full, which they had been,
the plaintiff could not bring suit against the health
insurer where that insurer had abided by the terms of
its insurance contract with the plaintiff.

Thus, despite a lengthy digression emphasizing the
deleterious effects of allowing double recovery, the
*Smith* decision ultimately and expressly rested upon
contract interpretation. Because the plaintiff had
agreed to the coordination provision in the coordi-
nated health insurance contract, which, to reiterate,
provided that no more than one hundred percent of
the plaintiff's eligible expenses would be paid by the
plans, she had no right to seek recovery from her
health insurer where one hundred percent of her
expenses had already been paid by another insurer. In
other words, *Smith* does not stand for the broad
proposition that where an insured is covered by one
coordinated policy and by one uncoordinated policy,
the insured is not entitled to double recovery. Rather,
*Smith* stands for the narrower proposition that the
no-fault act provides no justification for ignoring a
coordination of benefits provision contained in a
coordinated health insurance contract. *Smith* is a

defense of one's right to contract freely, not a decision detracting from that right.

Turning, then, to the present case, one salient fact immediately becomes apparent: the instant plaintiff has brought suit against the insurer providing *uncoordinated* coverage, in contrast to *Smith* where the plaintiff brought suit against the insurer providing *coordinated* coverage. As made clear above, the *Smith* decision turned on specific policy language, namely, language contained in a coordination of benefits provision stating that one hundred percent of the insured's expenses would be compensated by all the insurers. Here, defendant, issuer of an *uncoordinated* policy, has no corresponding policy language on which to rely. The insurance policy issued by defendant, being uncoordinated, simply contains no language limiting plaintiff's right of recovery in the context of multiple insurance policies.

Thus, defendant's reliance on *Smith* is misplaced. Where plaintiff has an uncoordinated no-fault insurance contract with defendant that provides no limitation on plaintiff's right to recover from defendant in the context of duplicate insurance coverage, *Smith* does not afford defendant the right to refuse payment to plaintiff where plaintiff's injuries fall within the coverage of her policy with defendant. Therefore, the circuit court did not err in granting summary disposition in favor of plaintiff.

That being said, two additional points bear mention. First, because defendant's "double recovery" argument is predicated entirely on *Smith*, our holding is, necessarily, limited to an exegesis of that opinion. We have concluded that *Smith* does not prevent plaintiff from recovering from defendant under the

facts of the instant case. If any legitimate reason exists for denying plaintiff recovery from defendant under the terms of the uncoordinated no-fault automobile insurance contract in force between the two, defendant has not directed the Court's attention to it.

Second, because the insurer issuing the coordinated health insurance policy to plaintiff is not a party to this action, we do not address what is to become of plaintiff's recovery from defendant, specifically, whether the health insurer has any right to the proceeds of plaintiff's suit against defendant.

IV

Finally, defendant brings some type of argument contesting the damages awarded to plaintiff following her successful motion for summary disposition. We are not certain whether defendant alleges an error of law on the part of the circuit court or an error of fact. Because defendant refers this Court to no authority, we deem defendant to have abandoned any legal component to its argument. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Should defendant be bringing an allegation of factual error, our review of the record indicates that the circuit court's calculation of damages is supported by the record evidence. Therefore, defendant has presented no persuasive justification for altering the amount of the damages award.

V

We briefly address plaintiff's arguments on cross appeal, both of which we determine to be meritorious. First, plaintiff is correct that MCL 600.6013; MSA 27A.6013 mandates that statutory interest be awarded

"from the date of filing the complaint . . . to the date of satisfaction of the judgment." *Old Orchard by the Bay Associates v Hamilton Mutual Ins Co*, 434 Mich 244, 258; 454 NW2d 73 (1990). Defendant contends that, because plaintiff's recovery was not delayed as a result of the health insurer having paid her medical expenses, to award statutory interest would be a windfall to plaintiff. Defendant confuses the two contracts in issue. Plaintiff entered into an insurance contract with defendant, and defendant did not abide by the terms of this contract. Thus, plaintiff was wrongfully denied her recovery under the no-fault contract, the type of situation MCL 600.6013; MSA 27A.6013 was meant to address. Whether plaintiff recovered under a second, distinct contract with another legal entity is immaterial. Therefore, the circuit court erred in refusing to award plaintiff statutory interest.

Second, plaintiff is also correct that MCL 500.3142; MSA 24.13142 provides that a prevailing plaintiff in a no-fault action is entitled to penalty interest where personal protection insurance benefits are not paid within thirty days of reasonable proof of the fact and amount of loss. *Johnston v DAIIE*, 124 Mich App 212, 216; 333 NW2d 517 (1983). Defendant here presents the same argument that it presented against the award of statutory interest, and it again fails. We conclude that the circuit court erred in refusing to award plaintiff penalty interest. Additionally, we would note that a plaintiff may recover both statutory and penalty interest. *Wood v DAIIE*, 413 Mich 573, 589; 321 NW2d 653 (1982).

Affirmed, but the final judgment is vacated, and this matter is remanded for a determination of the statutory and penalty interest due plaintiff.