# STATE OF MICHIGAN

# COURT OF APPEALS

IRENE WHEELER, Personal Representative of
the Estate of GEORGE SCHRAGE,

Plaintiff-Appellant,

v

MIC GENERAL INSURANCE CORP,

Defendant-Appellee.

UNPUBLISHED
March 9, 2017

No. 330150
Iosco Circuit Court
LC No. 15-009137-NF

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals by right the order of the circuit court granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We reverse and remand.

George Schrage was severely injured when a racecar exited the race track and struck him as he was being pulled into the bed of a pickup truck parked on the infield of the quarter-mile asphalt track. Schrage and two other men served as volunteers attending to the condition of the track during the race, and they used the pickup in fulfilling their responsibilities. The volunteers would clean up the track, extinguish any fires, and, if necessary, rescue a driver. Just before he was struck by the racecar, Strange was near the back of the pickup, and two other volunteers were in the pickup's bed. When he was struck, Schrage was retrieving a broom from the truck and was facing away from the direction that the racecar came. The two volunteers who were standing in the truck bed saw the racecar coming toward them and attempted, but failed, to quickly lift Schrage into the back of the truck. Schrage testified that he first knew something was "going wrong" was when "[t]he two guys in the bed of the truck tried to reach over and pull me into the bed." Schrage also testified that the two volunteers "didn't get me off the ground," and the "next thing I know I get hit."

After his claim of appeal was filed, Schrage died. The personal representative of his estate, Irene Wheeler, was substituted as plaintiff-appellant.[1]

---

[1] *Estate of Schrage v MIC Gen Ins Corp*, unpublished order of the Court of Appeals, entered October 14, 2016 (Docket No. 330150).

Plaintiff argues that he was owed personal injury protection (PIP) benefits under the facts of the case and that the trial court erred in granting defendant summary disposition. We review de novo a trial court's grant of summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim and must be supported by affidavits, depositions, admissions, or documentary evidence. *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012); MCR 2.116(G)(3)(b) and (G)(4). When considering the motion, a court must view the submitted evidence in the light most favorable to the party opposing the motion. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). If the moving party carries its initial burden, the party opposing the motion must then demonstrate that there is a disputed material fact question by submitting evidence, "the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion." MCR 2.116(G)(6). The motion should be granted when the evidence demonstrates that there is no genuine issue regarding any material fact, and the moving party is entitled to judgment as a matter of law. *Miller v Purcell*, 246 Mich App 244, 246; 631 NW2d 760 (2001). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Both parties agree that the racecar that struck Schrage was not a motor vehicle[2] as defined in MCL 257.33 and that the pickup truck Schrage and the other volunteers were using was a parked motor vehicle. The trial court granted the motion, explaining that the volunteers' "trying to pull him into the vehicle didn't have anything to do with him getting hit by a racecar. The racecar is not a—not a motor vehicle. And I just don't see any issues of any material fact that are left for the jury in this case." We disagree.

MCL 500.3106, governs when PIP coverage applies to parked vehicles, and states in part:

> (1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:
>
> (a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.
>
> (b) Except as provided in subsection (2), the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.

---

[2] Apparently this stipulation is based on the fact that the racecar was not registered or designed for use on public roads. See *Apperson v Citizens Mut Ins Co*, 130 Mich App 799; 344 NW2d 812 (1983).

(c) Except as provided in subsection (2), the injury was sustained by a person while occupying, entering into, or alighting from the vehicle.

Neither party asserts § 3106(1)(a) applies, i.e. that the truck was parked in such a way as to cause unreasonable risk of bodily injury. And, we need not address § 3106(1)(b), see e.g., *Adanalic v Harco Nat Ins Co*, 309 Mich App 173, 184 n 5; 870 NW2d 731 (2015), because a genuine issue of material question of fact remains for trial: whether "the injury was sustained by [Schrage] while occupying, *entering into*, or alighting from *the vehicle*." MCL 500.3106(1)(c) (emphasis added). See *Shanafelt v Allstate Ins Co*, 217 Mich App 625, 631-634; 552 NW2d 671 (1996).

Although Schrage testified that he was not intending to get into the pickup, he also testified that he first knew something was "going wrong" when "[t]he two guys in the bed of the truck tried to reach over and pull me into the bed." In other words, while Schrage did not have the subjective intent to enter the pickup, a reasonable factfinder could conclude from the evidence that Schrage's companions were attempting to pull him unto the bed of the pickup when the accident occurred; consequently, there is a genuine issue of material fact whether Schrage was, in fact, "entering into . . . the vehicle." MCL 500.3106(1)(c). Patently, the evidence shows the pickup truck, although parked at the time of the accident, was being used by the volunteers as a motor vehicle since they would drive the truck from place to place in a dangerous situation while performing their duties of track repair and emergency response. See *McKenzie v Auto Club Ins Ass'n*, 458 Mich 214, 218-219; 580 NW2d 424 (1998) ("a vehicle is used 'as a motor vehicle,' i.e., to get from one place to another"); *Shanafelt*, 217 Mich App at 634 ("where one is injured 'entering into' a parked vehicle, those injuries are deemed to be directly related to the vehicle's character as a motor vehicle"). For these same reasons, "the injury had a causal relationship to the parked motor vehicle that is more than incidental, fortuitous, or but for." *Putkamer v Transamerica Ins Corp*, 454 Mich 626, 636; 563 NW2d 683 (1997).

We reverse and remand for further proceedings. We do not retain jurisdiction. Appellant as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray

-3-