DUCKWORTH v CONTINENTAL NATIONAL INDEMNITY
COMPANY

Docket No. 261101. Submitted August 9, 2005, at Detroit. Decided September 8, 2005, at 9:05 a.m.

Richard Duckworth, a Canadian citizen, brought an action in the Wayne Circuit Court against Continental National Indemnity Company, seeking personal protection insurance benefits under the no-fault act, MCL 500.3101 *et seq.*, for injuries sustained in Canada in an automobile accident with the defendant's insured. The court, Wendy M. Baxter, J., granted summary disposition for the defendant, ruling that the plaintiff did not incur the claimed medical expenses because they were paid by the Ontario Health Insurance Plan, a public health insurance program. The plaintiff appealed.

The Court of Appeals *held*:

The trial court correctly granted partial summary disposition for the defendant because the plaintiff was not entitled to personal protection insurance benefits under the facts of this case. The plaintiff bore no legal responsibility or liability for the costs of his medical care and consequently had not incurred medical expenses reimbursable under the no-fault act, MCL 500.3107(1)(a). Those who are covered by the Ontario Health Insurance Plan are entitled to all medically necessary hospital services without charge and do not bear any up-front cost for medical care. For the medical services at issue in this case, physicians are prohibited from billing their patients directly.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENEFITS — ONTARIO HEALTH INSURANCE PLAN.

Where the Ontario Health Insurance Plan has made payment for medical care for a Canadian citizen injured in an automobile accident involving a vehicle insured pursuant to the Michigan no-fault act, that injured party has not incurred medical expenses that are reimbursable under the personal protection insurance provisions of the no-fault act (MCL 500.3107[1][a]).

*Nemier, Tolari, Landry, Mazzeo & Johnson* (by *David B. Landry* and *Nancy Vayda Dembinski*) for the plaintiff.

*Pedersen, Keenan, King, Wachsberg & Andrzejak, P.C.* (by *Mary Roman* and *Daniel P. King*), for the defendant.

Before: SAAD, P.J. and HOEKSTRA and MARKEY, JJ.

SAAD, P.J. In this action under Michigan's no-fault insurance act, MCL 500.3101 *et seq.*, plaintiff, Richard Duckworth, appeals an order that granted summary disposition for defendant, Continental National Indemnity Company (CNI). We affirm.

### I. FACTS AND PROCEDURAL HISTORY

On May 25, 2001, plaintiff, a Canadian citizen, sustained injuries in Canada in an accident involving a semitrailer.[1] Plaintiff received medical treatment and the Ontario Health Insurance Plan (OHIP), Ontario's public health insurance program, covered his medical expenses. On February 20, 2003, plaintiff filed this action to recover personal protection insurance benefits from CNI, the insurer of the semitrailer. The uncoordinated insurance policy for the vehicle included Michigan no-fault personal protection insurance coverage, and plaintiff acknowledges that CNI paid some benefits under the contract, including those medical expenses that were not covered by OHIP. Here, plaintiff seeks $82,427.38 in reimbursement benefits for his medical care and treatment expenses covered by OHIP.

---

[1] CNI is an Ohio corporation licensed to do business in Michigan. Before the accident, CNI issued an insurance policy to cover the semitrailer, which was owned by Rodriguez Expedited Freight Service, Inc.

The trial court ultimately granted partial summary disposition to CNI under MCR 2.116(C)(10).[2] The court concluded that plaintiff did not "incur" the medical expenses under MCL 500.3107(1)(a) because his medical care was free of cost under OHIP, plaintiff was never billed for the medical services, and because, under Canadian law, plaintiff cannot be held liable for the costs.[3]

## II. ANALYSIS

This Court reviews "de novo a trial court's decision on a motion for summary disposition." *Tipton v William Beaumont Hosp*, 266 Mich App 27, 32; 697 NW2d 552 (2005). "Summary disposition under MCR 2.116(C)(10) is appropriate when there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law." *Id*. This case also presents an issue of statutory interpretation, which this Court reviews de novo. *Echelon Homes, LLC v Carter Lumber Co*, 472 Mich 192, 196; 694 NW2d 544 (2005).[4]

---

[2] The trial court dismissed plaintiff's remaining claims on February 7, 2005.

[3] The trial court ruled that plaintiff, not OHIP, paid for expenses related to podiatrist services and that the expenses do not fall under its ruling regarding CNI's lack of liability for the remainder of the medical costs. Neither party challenges this portion of the trial court's ruling and we need not address it on appeal.

[4] As the *Echelon* Court further explained:

In reviewing questions of statutory construction, our purpose is to discern and give effect to the Legislature's intent. *People v Morey*, 461 Mich 325, 329-330; 603 NW2d 250 (1999). "We begin by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as

As noted, the trial court granted summary disposition for defendant because it ruled, as a matter of law, that the medical expenses covered by OHIP were not "incurred" expenses that would entitle plaintiff to personal protection insurance (PIP) benefits under MCL 500.3107. The relevant portion of that statute provides:

> (1) Except as provided in subsection (2), personal protection insurance benefits are payable for the following:
>
> (a) Allowable expenses consisting of all reasonable charges *incurred* for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation. . . . [Emphasis added.][5]

To support his claim that OHIP-covered expenses are "incurred," plaintiff relies primarily on *Clute v Gen Accident Assurance Co of Canada*, 179 Mich App 527; 446 NW2d 839 (1989), the only published Michigan case to address OHIP payments and the no-fault act. However, as plaintiff recognizes, *Clute* construed MCL

---

written." *Id.* at 330. "We must give the words of a statute their plain and ordinary meaning . . . ." *Id.* The plain and ordinary meaning of words can be ascertained by looking at dictionary definitions. *Koontz v Ameritech Services, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). [*Echelon, supra* at 196.]

[5] Our Supreme Court has held that § 3107(1)(a) requires that, to recover PIP benefits, " '1) the charge must be reasonable, 2) the expense must be reasonably necessary, and 3) the expense must be incurred.' " *Griffith ex rel Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 532 n 8, 697 NW2d 895 (2005), quoting *Manley v Detroit Automobile Inter-Ins Exch*, 425 Mich 140, 169; 388 NW2d 216 (1986) (BOYLE, J., concurring in part and dissenting in part). In addition, "an 'allowable expense' must be 'for' one of the following: (1) an injured person's care, (2) his recovery, or (3) his rehabilitation." *Griffith, supra* at 532 n 8. Here, CNI does not dispute the nature of the medical expenses or whether they were reasonable or reasonably necessary. The sole issue on appeal is whether those expenses were "incurred" under § 3107(1)(a).

500.3109(1) of the no-fault act, not § 3107.[6] The *Clute* Court considered whether a setoff provision in a no-fault policy permitted a setoff of benefits received from a foreign government to PIP benefits that would otherwise be payable. *Clute* did not address the plaintiff's entitlement to the benefits under § 3107(1)(a). Here, defendant does not seek a setoff of benefits paid by OHIP and no policy provision regarding setoff is at issue.

Moreover, the Court's holding in *Clute* is narrow and cannot be reasonably broadened to cover § 3107(1)(a). In denying setoff, the Court in *Clute* interpreted specific language in § 3109(1) that refers to setoff for benefits "required to be provided under the laws of any state or the federal government." Here, the issue is not whether "the federal government" might also include the Canadian government. Rather, the question is whether a plaintiff "incurs" medical expenses when the medical expenses are covered directly by a foreign health insurance plan.

Plaintiff also relies on *Shanafelt v Allstate Ins Co*, 217 Mich App 625; 552 NW2d 671 (1996), which addressed the meaning of "incurred" under § 3107(1)(a). In *Shanafelt*, this Court concluded that the ordinary meaning of "incur" is "to become liable for," and that:

> Obviously, plaintiff became liable for her medical expenses when she accepted medical treatment. The fact that

---

[6] MCL 500.3109(1) states, "[B]enefits provided or required to be provided *under the laws of any state or the federal government* shall be subtracted from the personal protection insurance benefits otherwise payable for the injury." (Emphasis added.) In *Clute*, the trial court ruled that the defendant was not entitled to offset the amount of PIP benefits by the benefits Ms. Clute received from OHIP or benefits she received from her Canadian Indian tribe. *Id*. at 532. The Court of Appeals agreed and declined to read the statute "so broadly as to permit a setoff of benefits received from a foreign government." *Id*. at 533.

plaintiff had contracted with a health insurance company to compensate her for her medical expenses, or to pay directly the health care provider on her behalf, does not alter the fact that she was obligated to pay those expenses. Therefore, one may not reasonably maintain that plaintiff did not incur expenses. Thus, defendant has presented no argument suggesting that plaintiff's expenses were not allowable expenses as that term is used in MCL 500.3107(1)(a) . . . . [*Id.* at 638.]

Plaintiff contends that, under *Shanafelt*, he "incurred" the medical expenses when he "accepted medical treatment." In other words, under plaintiff's reasoning, § 3107(1)(a) was triggered when he was hospitalized, tested, evaluated, and treated for his injuries. As defendant points out, however, our Courts have further considered the definition of "incurred" since this Court issued the *Shanafelt* opinion. In *Bombalski v Auto Club Ins Ass'n*, 247 Mich App 536; 637 NW2d 251 (2001), this Court clarified that to incur or to become liable means " '[r]esponsible or answerable in law; legally obligated.' " *Id.* at 543, quoting Black's Law Dictionary (7th ed). Accordingly, the question here is whether plaintiff was ever legally responsible for the disputed medical expenses. We hold that, as a factual and legal matter, plaintiff did not "incur" the medical expenses at issue here.

The trial court's ruling is supported by substantial evidence that plaintiff never incurred medical expenses. In his deposition, plaintiff testified that (1) the medical care providers and OHIP do not bill for the disputed medical services and did not bill him for the disputed medical expenses, (2) care for physical injuries is automatically covered by OHIP, (3) he does not think he is legally liable for any of the expenses for his medical care in this case, and (4) he never paid a premium for OHIP coverage.

OHIP is provincially administered health care coverage controlled and subsidized by the Canadian government. And, under the Health Insurance Act (Act), RSO 1990, ch H6, and RRO 1990, Reg 552, health care coverage is essentially universal to all Ontario residents. Act, §§ 10-11. Significantly, and dispositive of the issue before us, by law, residents covered by OHIP are entitled to all medically necessary hospital services "without charge," including the very medical services in dispute in this case. Reg 552, § 9. Further, the Act and the regulations provide that, as with plaintiff's experience, patients with OHIP do not bear any up-front cost for medical care. Indeed, for the medical services at issue in this case, physicians are prohibited from billing their patients directly. Act, § 15.1(3)(b). Thus, unlike those with private health insurance coverage, OHIP patients do not purchase partial or full coverage to reduce or eliminate their liability for medical expenses. Rather, medical care is free of charge and the use of private health insurance is unnecessary and is generally prohibited. Act, § 14.[7] Further, as plaintiff's counsel conceded at oral argument, OHIP does not pay hospital medical expenses for individual patients.[8] Rather, the government makes periodic block payments to Ontario hospitals, regardless of whether a specific patient, such as plaintiff, is undergoing treatment there. Moreover, payment by OHIP for services "constitutes payment in full of the account." Act, §§ 15(2)(b), (3); 15.1(3)(b), (c).

---

[7] We need not address the recent decision of the Supreme Court of Canada that a similar prohibition on private health care insurance in Quebec is unconstitutional. *Chaoulli v Quebec (Attorney General)*, [2005] 1 SCR 791; 2005 SCC 35.

[8] Indeed, on the record, plaintiff's counsel simply asserted that, despite the fact that plaintiff's medical expenses were fully covered under OHIP, he should be entitled to "double dip."

Plaintiff contends that his medical expenses were incurred under § 3107(1)(a) because, despite the above facts and legislative provisions, an OHIP patient may be liable for medical expenses in certain circumstances. However, here, none of those circumstances applies here—all the disputed medical services were provided without charge to plaintiff.[9] Furthermore, to the extent that plaintiff equates OHIP to a "traditional" health insurance policy in an attempt to show that Ontario residents first incur their medical expenses and OHIP later covers them, his reasoning is unpersuasive. A patient purchases private health insurance to cover potential costs of medical care, for which the patient would otherwise be obligated to pay. OHIP is a government-created system of providing health care without charge to the injured party in virtually every personal injury situation. Indeed, pursuant to the Act and the regulations and in light of OHIP's administration and funding, OHIP provides Ontario citizens free medical care for precisely the injuries plaintiff suffered in this case, leaving the "insured" no initial or subsequent liability for any costs associated with those services.

Plaintiff bore no legal responsibility for the disputed costs of his medical care and, accordingly, did not

---

[9] We also reject plaintiff's argument that OHIP may file a subrogation claim under § 30(1) of the Act and that OHIP notified plaintiff in this case of a subrogation interest. According to plaintiff, § 30(1) suggests that, because a plaintiff may be required to repay costs covered by OHIP, he is "legally liable" for the medical expenses even after OHIP pays for services. We agree with defendant that this argument is unpersuasive because subrogation is only permitted when an OHIP insured is injured by a negligent or wrongful act of a third person. Defendant is correct that, notwithstanding OHIP's notification of a subrogation interest, § 30(1) does not apply here because this is not an action for damages against a negligent third party, but is merely an action for first party no-fault benefits.

"incur" the medical expenses reimbursable under the no-fault act. Accordingly, the trial court correctly granted partial summary disposition to CNI because plaintiff is not entitled to personal protection insurance benefits under the facts of this case.

Affirmed.