*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHAKHARY LOFTON,

Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellant,

and

JOHN DOE,

Defendant.

UNPUBLISHED
April 13, 2023

No. 359410
Wayne Circuit Court
LC No. 20-007721-NI

Before: CAVANAGH, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Defendant State Farm Mutual Automobile Insurance Company appeals by leave granted[1] the trial court's order denying in part defendant's motion for partial summary disposition under MCR 2.116(C)(10). We reverse and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On June 25, 2019, plaintiff was stopped at a traffic signal in Detroit when his vehicle was struck from behind by another vehicle, which then fled the scene. Following the accident, plaintiff received treatment from several healthcare providers for neck pain, shoulder pain, and thoracic and lower back pain.

---

[1] See *Lofton v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered March 15, 2022 (Docket No. 359410).

Plaintiff was insured under a no-fault policy issued by defendant that provided for coordinated coverage, which reduced the personal protection insurance (PIP) benefits payable under the no-fault policy by any amount paid or payable under any "medical or surgical reimbursement plan." Plaintiff was also covered under a Blue Care Network (BCN) Health-Maintenance Organization (HMO) group health insurance plan.

On June 18, 2020, plaintiff filed a complaint in the trial court, asserting a third-party negligence claim against the unidentified driver who had fled the scene of the accident and two breach-of-contract claims against defendant, alleging that defendant had failed to pay PIP benefits under the no-fault act, MCL 500.3101 *et seq.*, and had failed to pay uninsured/underinsured motorist (UM/UIM) benefits as required by the no-fault policy.

Defendant admitted that it had issued the no-fault policy in question, but denied any obligation to pay UM/UIM benefits in this case, and denied that plaintiff had suffered any serious mental or physical injury as a result of the accident. Defendant also admitted that it had received claims from plaintiff stemming from the June 25, 2019 accident, but denied that it was obligated to pay PIP benefits. Defendant also asserted defenses including that the no-fault policy issued to plaintiff provided for coordinated coverage and that defendant was responsible only for payment of medical expenses not paid or payable by any other health or accident coverage.

On August 16, 2021, defendant filed a motion for partial summary disposition under MCR 2.116(C)(10), asserting that plaintiff's no-fault policy expressly provided for coordinated coverage and required that any allowable-expense and work-loss benefits be reduced by any amounts paid or payable through plaintiff's health coverage. Defendant argued that plaintiff's BCN plan (1) required plaintiff to treat with in-network providers or obtain approval to treat with out-of-network providers, (2) required plaintiff to obtain referrals from his primary care physician or receive preauthorization for various treatments, and (3) explicitly prohibited BCN providers from billing a patient for an unpaid balance. In addition, defendant asserted that the BCN plan explicitly stated that BCN would assume primary liability for covered services for medical care required as a result of a motor vehicle accident.

Defendant also asserted that the claims of two of plaintiff's in-network providers, Northland Radiology Inc. (Northland Radiology) and Dr. Kevin Crawford, were either paid at the agreed-upon contractual rate or were not paid because they did not provide additional information sought by BCN or they treated plaintiff without the required referral or preauthorization. Further, because the BCN plan prohibited participating providers from pursuing a balance bill, defendant was not liable for the balances "simply because Plaintiff's providers prefer not to abide by the terms and conditions of their own contract with BCN." Thus, defendant concluded, its liability was limited to copayments, coinsurance, deductibles, and any items not covered under the BCN plan.

Defendant also argued that plaintiff's claim for prescription services provided by two other providers, AutoRx and Michigan Business Management Group, Inc. (MBM), must be dismissed because plaintiff was obligated to first seek reimbursement from his health insurer, and asserted that neither provider had ever submitted any claims to BCN, citing *Tousignant v Allstate Ins Co*, 444 Mich 301; 506 NW2d 844 (1993), *Perez v State Farm Mut Auto Ins Co*, 418 Mich 634; 344

NW2d 773 (1984), and *St John Macomb-Oakland Hosp v State Farm Mut Auto Ins Co*, 318 Mich App 256; 896 NW2d 85 (2016).[2]

Defendant requested that the trial court enter an order (1) holding BCN primarily responsible for all of plaintiff's medical expenses, (2) limiting defendant's liability to copayments, coinsurance, deductibles, and items not covered by BCN, and (3) holding that defendant was not responsible for expenses denied by BCN if the denial was "based on Plaintiff's failure to comply with the terms, conditions, limitations and restrictions in his Blue Care Network plan . . . ."

Responding to defendant's motion, plaintiff contended that he was entitled to seek reimbursement for the balance bill of Dr. Crawford, which included deductibles totaling $760.96, as well as $34,000 designated as the patient's responsibility in the BCN Explanations of Benefits (EOBs). Plaintiff also contended that he was entitled to seek reimbursement for the Northland Radiology balance of $30,250.33, which included deductible payments totaling $267.33, as well as Northland Radiology bills plaintiff asserted were denied under "Denial Code 187." Plaintiff requested entry of an order allowing him to seek reimbursement for the balances due to Dr. Crawford and Northland Radiology, as well as "all balances that remain the Patient's responsibility once Blue Care Network has either paid or properly denied the Michigan Business Management bill." The trial court entered an order dispensing with oral argument under MCR 2.119(E)(3), stating that defendant's motion was "granted in part/denied in part," and further stating, relevant to this appeal, that "[p]laintiff may pursue balance bills not paid by Blue Cross."[3] Defendant moved for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). A motion brought under MCR 2.116(C)(10) tests the factual sufficiency of the complaint in light of the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving

---

[2] Defendant also argued that plaintiff's claims for payment for services provided by two other providers, Elite Diagnostics Inc. and Aquatic Solutions Physical Therapy, LLC, must be dismissed because plaintiff had assigned his rights to recover payment to the providers, and their claims had been dismissed in two separate district court actions. Plaintiff did not contest this. The trial court's subsequent summary disposition order stated in part, "Aquatic Solutions and Elite Diagnostics – seperate [sic] cases," thus apparently granting summary disposition in favor of defendant on these two claims; plaintiff has not appealed that ruling and we leave it undisturbed.

[3] The trial court's reference to "Blue Cross" presumably was intended to refer to BCN. We further note that it is exceedingly unhelpful on appeal that the trial court's explanation of its decision— particularly where no hearing was held and, therefore, there exists no transcript—was so opaque and unspecific. We are left to interpret the trial court's order as granting defendant's motion for summary disposition as to Aquatic Solutions and Elite Diagnostics, and denying the motion in all other respects. Only the latter is before us on appeal.

party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A genuine issue of material fact exists when the record reveals an open issue upon which reasonable minds might differ. *Id.* A reviewing court must consider the pleadings, admissions, and other evidence in the light most favorable to the nonmoving party. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).

A party seeking summary disposition under MCR 2.116(C)(10) must support its motion with affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted. MCR 2.116(G)(3). If the motion is properly supported, the burden shifts to the opposing party to establish a genuine issue of disputed fact. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). If the motion is not properly supported, the trial court should deny the motion. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369-370; 775 NW2d 618 (2009).

## III. ANALYSIS

### A. NORTHLAND RADIOLOGY AND DR. CRAWFORD

Defendant argues that the trial court erred by denying its motion for summary disposition regarding plaintiff's claims for reimbursement for the services provided by Northland Radiology and Dr. Crawford, arguing that BCN had denied payment for these services because the two providers had not complied with BCN's network, referral or preauthorization requirements. Defendant further argues that the trial court erred by allowing plaintiff to pursue the balance bills for these providers that were not paid by BCN. We agree.

The no-fault act provides that PIP benefits are payable for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). The no-fault act also provides that insureds may pay a reduced premium for no-fault coverage if they coordinate their health insurance coverage with their no-fault coverage. MCL 500.3109a(1). Insureds who choose coordinated coverage "are deemed to have made the health insurer the 'primary' insurer respecting injuries in an automobile accident." *Tousignant*, 444 Mich at 307; see also *St John Macomb Oakland Hosp v State Farm Mut Auto Ins Co*, 318 Mich App 256, 263; 896 NW2d 85 (2016). As a result, "a no-fault insurer is not subject to liability for medical expenses that the insured's health care insurer is required, under its contract, to pay for or provide." *Tousignant*, 444 Mich at 303 (footnote omitted). If an insured "chooses to coordinate no-fault and health coverages" under MCL 500.3109a(1), he or she must "obtain payment and services from the health insurer to the extent of the health coverage available from the health insurer." *Id.* at 307. "[W]hen payment for medical services is governed by a contract between a healthcare provider and a health insurer, the provider is bound by the terms of the agreement." *Farm Bureau Gen Ins Co v Blue Cross Blue Shield*, 314 Mich App 12, 21; 884 NW2d 853 (2016).

An injured person is "obliged to use reasonable efforts to obtain payments that are available from [the health] insurer." *Tousignant*, 444 Mich at 312 (emphasis omitted). "Payment in keeping with the terms of the agreement constitutes payment in full, and neither the insured nor the healthcare provider can seek additional payment from a no-fault insurer for covered services." *Farm Bureau*, 314 Mich App at 21. However, an injured person "is able to seek reimbursement

for 'allowable expenses' that were not contractually required to be provided by the health care provider." *Sprague v Farmers Ins Exch*, 251 Mich App 260, 270; 650 NW2d 374 (2002). If the health insurer "would not or could not provide the medical care [the injured person] needed," or if the available care was inadequate, then the benefit might be considered not "available" from the health insurer. *Tousignant*, 444 Mich at 312-313. Therefore, an insured may seek payment from a no-fault insurer for services that the health insurer could not or would not provide, such as services denied by a health insurer for lack of medical necessity. *St John Macomb Oakland Hosp*, 318 Mich App at 266. In doing so, an insured must establish that the health insurer would not or could not provide such a service, *id.*, and that the insured "incurred" the medical expenses at issue by becoming legally responsible for their payment, *Duckworth v Continental Nat Indem Co*, 268 Mich App 129, 134; 706 NW2d 215 (2005).

In this case, plaintiff presented the trial court with numerous EOBs issued by BCN regarding services provided by in-network providers Northland Radiology and Dr. Crawford. The vast majority of these EOBs indicate that plaintiff is not responsible for payment of any of the cost of the service provided, and further indicate that the provider was paid according to its contract with BCN. For those services, plaintiff has not established that he incurred those expenses, as he has provided no evidence that he is, or will become, liable for the balances not paid by BCN. *Duckworth*, 268 Mich App at 134. Further, a payment made by a health insurer under a provider agreement is a payment in full. *Farm Bureau*, 314 Mich App at 21. Although the provider agreements between Dr. Crawford and Northland Radiology were not provided to the trial court, neither was any evidence that BCN's payments to them were in violation of those agreements. It was plaintiff's responsibility to establish a genuine issue of material fact regarding his obligation to pay the balances, *Quinto*, 451 Mich at 362, and he failed to do so. The trial court therefore erred by denying defendant's motion for summary disposition with respect to services for which BCN had made partial payment and for which plaintiff was not liable.

Plaintiff did provide EOBs for some services that indicate that BCN had denied payment because plaintiff was not referred for those services by his primary care physician or because the services were not preauthorized. Some of those EOBs do indicate that plaintiff is liable for the expense of the service.[4] But there was no evidence presented that BCN providers were unable or unwilling to provide the service, or that BCN deemed the services medically unnecessary. Rather, BCN denied payment of these services because the procedures of plaintiff's BCN policy were not followed. Plaintiff therefore did not carry his burden of showing a genuine issue of material fact regarding whether those services "could not or would not" be provided by a BCN provider. *Tousignant*, 444 Mich at 312. We hold that the trial court erred by denying defendant's motion for summary disposition with respect to payments that had been denied for various procedural reasons, such as lack of preauthorization or referral. *Quinto*, 451 Mich at 362. In so holding, we stress that we do not decide the issue of *plaintiff's* liability for the unpaid services; the answer to that question turns on a number of factors, including the language of the relevant provider agreements, that lack adequate factual development at this time. See *Farm Bureau*, 314 Mich App at 21. We only hold that plaintiff has not established a genuine issue of material fact concerning

---

[4] We note, however, that every EOB submitted by either party has the statement "THIS IS NOT A BILL" printed in bold lettering at the top of the first page.

*defendant's* liability for the cost of those services. Viewing this evidence in the light most favorable to the nonmoving party, the trial court erred by denying summary disposition. *West*, 469 Mich at 183.

## B. AUTORX AND MBM

Defendant also argues that the trial court erred by denying its motion for summary disposition on plaintiff's claims for reimbursement for prescription services provided by AutoRx and MBM. We agree.

Defendant argues that the record contains no evidence that either AutoRx or MBM were in-network healthcare providers. Regarding AutoRx, the issue of whether it was a BCN-participating provider was not raised in defendant's motion for partial summary disposition and was not addressed by the trial court. Generally, the failure to raise an issue in the trial court waives review of that issue on appeal. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). We therefore decline to review this claim of error regarding AutoRx. Regarding MBM, defendant only speculated, in its reply brief before the trial court, that MBM was not a BCN-participating provider, and perhaps was not a licensed pharmacy. However, there is no indication in the record that MBM purports to be a pharmacy; rather, from the documents submitted by plaintiff in response to the motion for partial summary disposition, it appears that MBM may be a medical billing company. In any event, defendant has not supported its assertion that MBM is not a BCN-participating provider with documentary evidence, and we decline to reverse the trial court on that basis. *Barnard Mfg Co*, 285 Mich App at 369-370.

Defendant also argues, however, that the trial court erred by denying its motion for summary disposition regarding MBM and AutoRx because benefits were not sought first from BCN. We agree. An insured with coordinated health and no-fault coverage "must first use healthcare insurance for services offered under the health insurance policy." *Farm Bureau Gen Ins v Blue Cross Blue Shield of Mich*, 314 Mich App 12, 22; 884 NW2d 853 (2015). A "party who holds a contract containing a coordinated benefits clause is required first to utilize the health care provider for services offered by that health care provider, but is able to seek reimbursement for 'allowable expenses' that were not contractually required to be provided by the health care provider." *Sprague v Farmers Ins Exch*, 251 Mich App 260, 270; 650 NW2d 374 (2002). "[A] plaintiff must make reasonable efforts to obtain payments that are available from the health insurer in order to establish that the benefits are not payable by the health insurer." *St John Macomb-Oakland Hosp*, 318 Mich App at 264.

In this case, plaintiff sought reimbursement for bills from MBM, totaling $14,577.35, and AutoRx, totaling $313.27. Regarding MBM, there is no evidence that plaintiff or MBM made any effort to file a claim with BCN before plaintiff filed suit. It appears that, after defendant filed its motion for summary disposition, MBM subsequently filed a number of claims with BCN, to which BCN invariably responded that the claims "could not be processed" because BCN was unable to process the provider information. Plaintiff provides no evidence of any efforts, much less reasonable ones, that he took to obtain payment for those services from BCN. *St John Macomb-Oakland Hosp*, 318 Mich App at 264. Moreover, it is unclear from the record that BCN actually denied payment of MBM's claims; in its letters dated September 3, 2021, BCN merely stated that

it could not process the claims and asked for more information.  Finally, as noted, plaintiff has failed to address the AutoRx claim at all.

Therefore, plaintiff failed to establish a genuine issue of material fact regarding whether he made reasonable efforts to obtain payments that were available from BCN in order to establish that the benefits were not payable by BCN.  When the nonmoving party fails to establish the existence of a genuine issue of material fact, summary disposition is properly granted under MCR 2.116(C)(10).  *West*, 469 Mich at 183.

We reverse the trial court's denial of portions of defendant's motion for summary disposition, and remand for entry of an order granting that motion and for further proceedings not inconsistent with this opinion.  As the prevailing party, defendant may tax costs.  MCR 7.219(A). We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra
/s/ Michael J. Riordan