YOST v LEAGUE GENERAL INSURANCE COMPANY

Docket No. 158178. Submitted April 6, 1995, at Grand Rapids. Decided September 1, 1995, at 9:20 A.M. Leave to appeal sought.

Kevin D. Yost brought an action in the Kent Circuit Court against League General Insurance Company and Massachusetts Indemnity and Life Insurance Company. League General was the no-fault insurer of the parked automobile in which the plaintiff was sleeping when a lighted cigarette fell on combustible material, causing a fire that severely burned the plaintiff. The court, Dennis B. Leiber, J., granted summary disposition for League General, holding that it was not liable for first-party personal protection benefits because the plaintiff had not been using the automobile as a motor vehicle at the time of the accident. The plaintiff appealed.

The Court of Appeals *held:*

A claimant seeking to recover no-fault benefits for injuries suffered while occupying a parked motor vehicle must establish that the injury arose out of the use of the motor vehicle as a motor vehicle. The involvement of the parked vehicle in the injury must be directly related to its character as a motor vehicle. Because the vehicle in which the plaintiff was sleeping was being used as nothing more than a bed when the fire occurred, the plaintiff failed as a matter of law to establish that his injuries arose out of the use of a motor vehicle as a motor vehicle. Accordingly, the trial court properly granted summary disposition for League General.

Affirmed.

*Williams, Klukowski, Fotieo & Szczytko, P.C.* (by *Themis J. Fotieo*), for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*), for the defendant.

Before: Hood, P.J., and MacKenzie and T. R. Thomas,* JJ.

Per Curiam. Plaintiff appeals as of right from an order granting partial summary disposition in favor of defendant League General Insurance Company (hereinafter defendant). We affirm.

Plaintiff was sleeping in a parked car when it caught on fire. According to investigators, the fire was ignited when a lighted cigarette fell on combustible material inside the car; there was no indication that the car was the source of the fire. Plaintiff, who was severely burned, sued defendant no-fault carrier for first-party personal injury protection (PIP) benefits. The trial court granted summary disposition in favor of defendant, ruling that plaintiff was not using the car as a motor vehicle and therefore was not entitled to benefits.

Under § 3105(1) of the Michigan no-fault insurance act, MCL 500.3105(1); MSA 24.13105(1), a no-fault insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. Injuries that arise out of the use of a parked motor vehicle generally are not covered under the no-fault act. MCL 500.3106(1); MSA 24.13106(1); *McKenzie v Auto Club Ins Ass'n,* 211 Mich App 659; 536 NW2d 301 (1995). However, there are several statutory exceptions to this "parked vehicle exclusion" that permit recovery. *Gooden v Transamerica Ins Corp of America,* 166 Mich App 793, 796; 420 NW2d 877 (1988). One of these exceptions is where the injury is sustained by a person while occupying the parked vehicle. MCL 500.3106(1)(c); MSA 24.13106(1)(c).

A claimant seeking to recover no-fault benefits under one of the exceptions to the parked vehicle

---

* Circuit judge, sitting on the Court of Appeals by assignment.

exclusion must, *in addition to* showing that an exception applies, show that the injury arose out of the use of a motor vehicle as a motor vehicle. *Gooden, supra,* pp 797-804; *Engwis v Michigan Mutual Ins Co,* 181 Mich App 16, 20; 448 NW2d 731 (1989). In determining whether an injury arose out of the use of a motor vehicle as a motor vehicle, the primary consideration must be the relationship between the injury and the use of the motor vehicle as a motor vehicle. *McKenzie, supra,* p 662. The involvement of the parked vehicle in the injury must be directly related to its character as a motor vehicle and be more than incidental, fortuitous, or "but for," and the vehicle's connection with the injury should be directly related to its character as an automobile. *Id.,* citing *Thornton v Allstate Ins Co,* 425 Mich 643, 659; 391 NW2d 320 (1986).

In this case, it is undisputed that because plaintiff was occupying the vehicle at the time he was injured, an exception to the parked vehicle exclusion applies. MCL 500.3106(1)(c); MSA 24.13106(1)(c). However, as a matter of law, plaintiff has failed to establish that the car was being used as a motor vehicle when the accident occurred. When the car caught fire, it was being used as nothing more than a bed. Unlike the situation in *Engwis, supra,* and *McKenzie, supra,* there was nothing distinctive about the car, such as sleeping accommodations, that invited its use as a bed. The relation of plaintiff's burn injuries to the car's functional use as a motor vehicle was at most merely fortuitous; the injuries could have occurred as easily on a couch in his own living room. Because there was no connection between plaintiff's injuries and the car's character as a motor vehicle, the trial court correctly granted summary disposition in favor of defendant.

Affirmed.