SCHEUNEMAN v GENERAL MOTORS CORPORATION (ON REMAND)

Docket No. 199831. Submitted March 2, 2000, at Lansing. Decided November 3, 2000, at 9:20 A.M. Leave to appeal sought.

Delbert Scheuneman appealed to the Worker's Compensation Appellate Commission from a magistrate's decision that defendant General Motors Corporation properly coordinated the plaintiff's mutual retirement benefits under § 354 of the Worker's Disability Compensation Act, MCL 418.354; MSA 17.237(354). The plaintiff was receiving an employer-funded mutual pension, i.e., a pension agreed to by the parties when the employee is not eligible for a regular retirement pension and is deemed ineligible for a disability pension. The appellate commission affirmed the magistrate's decision. The Court of Appeals denied the plaintiff's application for leave to appeal in an unpublished order entered February 5, 1996 (Docket No. 188991). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 453 Mich 970 (1996). On remand, the Court of Appeals reversed and remanded, finding that the doctrine of res judicata precluded the defendant from applying the coordination of benefits provision of § 354. Unpublished opinion per curiam of the Court of Appeals, (SAWYER, P.J., dissenting), issued January 8, 1999 (Docket No. 199831). The Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded the matter to the Court of Appeals for further proceedings. 461 Mich 906 (1999). The Supreme Court agreed with Judge SAWYER's dissenting opinion that the doctrine of res judicata did not preclude the defendant from applying the coordination of benefits provisions of § 354. The Supreme Court also ordered the Court of Appeals to address the issue of the effect of subsection 1144(a) of the Employee Retirement Income Security Act (ERISA), 29 USC 1144(a), on the availability of other benefits received by the plaintiff for the purpose of coordination of benefits pursuant to § 354.

On remand, the Court of Appeals *held*:

1. Section 354 is not preempted by subsection 1144(a). The decision of the appellate commission holding that the defendant properly coordinated the plaintiff's benefits must be affirmed.

2. Section 354 does not alter the level of benefits that would be paid out under a given employee benefit plan from state to state. The coordination provisions in § 354 have no effect on the amount of benefits paid under the mutual pension; rather, section 354 affects the amount of worker's compensation benefits paid to the employee. Section 354 does not alter the terms of the pension plan or subject the fiduciaries of the pension plan to claims other than those provided in the ERISA. Any effect of § 354 on the pension plan is too tenuous and remote to warrant preemption.

Affirmed.

1. Worker's Compensation — Coordination of Benefits — Employee Retirement Income Security Act.

The coordination of benefits provision of § 354 of the Worker's Disability Compensation Act is not preempted by subsection 1144(a) of the federal Employee Retirement Income Security Act (29 USC 1144[a]; MCL 418.354; MSA 17.237[354]).

2. Conflict of Laws — Employee Retirement Income Security Act — Worker's Compensation.

Subsection 1144(a) of the federal Employee Retirement Income Security Act provides that the act shall supersede any and all state laws insofar as they may relate to any employee benefit plan that is described in 29 USC 1003(a) and that is not exempt under 29 USC 1003(b); a state law relates to an employee benefit plan if it has a connection with or reference to such a plan; a state law may relate to a benefit plan even if its effect on the plan is indirect and it was not specifically designed to affect the plan; state laws are not preempted where their effect on employee benefit plans is merely tenuous, remote, or peripheral; it is presumed that in enacting the ERISA, Congress did not intend to preempt areas of traditional state regulation, such as worker's compensation (29 USC 1144[a]).

3. Conflict of Laws — Employee Retirement Income Security Act.

The federal Employee Retirement Income Security Act generally preempts a state law where the state law interferes with an ERISA plan by altering the level of benefits that would be paid out under a given plan from state to state, by altering the terms of a plan, such as the requirements for eligibility, or by subjecting the fiduciaries of a plan to claims other than those provided for in the ERISA itself (29 USC 1001 *et seq.*).

*Sachs, Waldman, O'Hare, Helveston, Bogas & McIntosh, P.C.* (by *Granner S. Ries*), for the plaintiff.

*Groves, Decker & Wyatt, P.C.* (by *Thomas J. Ruth* and *George H. Wyatt*), for the defendant.

ON REMAND

Before: SAWYER, P.J., and KELLY and DOCTOROFF, JJ.

PER CURIAM. This case is again before us on remand from our Supreme Court. The Supreme Court reversed our prior decision,[1] in which we concluded that the doctrine of res judicata precluded defendant from applying the coordination of benefits provision of § 354 of the Worker's Disability Compensation Act (WDCA), MCL 418.354; MSA 17.237(354). *Scheuneman v General Motors Corp*, 461 Mich 906 (1999). On remand, we are asked to consider whether § 354 is preempted by subsection 1144(a), 29 USC 1144(a), of the Employee Retirement Income Security Act (ERISA), 29 USC 1001 *et seq.* We conclude that § 354 is not preempted by the ERISA and affirm the decision of the Worker's Compensation Appellate Commission holding that defendant properly coordinated plaintiff's benefits.

Section 354 of the WDCA provides for the coordination of worker's compensation benefits with pension or retirement benefits by requiring that the worker's compensation benefits be reduced by the amounts specified in § 354. In the instant case, plaintiff claims that his worker's compensation benefits were improperly coordinated with an employer-funded mutual pension, i.e., a pension agreed to by the parties when the employee is not eligible for a regular retirement

---

[1] *Scheuneman v General Motors Corp*, unpublished opinion per curiam of the Court of Appeals, issued January 8, 1999 (Docket No. 199831).

pension and is deemed ineligible for a disability pension, pursuant to subsection 354(1)(d), which provides that worker's compensation payments be reduced by

> [t]he after-tax amount of the pension or retirement payments received or being received pursuant to a plan or program established or maintained by the same employer from whom benefits under section 351, 361, or 835 [of the WDCA] are received, if the employee did not contribute directly to the pension or retirement plan or program. [MCL 418.354(1)(d); MSA 17.237(354)(1)(d).]

Plaintiff claims that the coordination of his benefits under subsection 354(1)(d) was improper because § 354 is preempted by the ERISA. Subsection 1144(a) of the ERISA, 29 USC 1144(a), provides that the ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." *American Medical Security, Inc v Allstate Ins Co*, 235 Mich App 301, 305; 597 NW2d 244 (1999).

To determine whether § 354 is preempted by the ERISA, the first inquiry is whether the mutual pension plaintiff receives is part of an "employee benefit plan" as that phrase is defined in 29 USC 1003(a). Generally, an employee benefit plan is covered by the ERISA if it is established or maintained by "any employer engaged in commerce or in any industry or activity affecting commerce," or by "any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce." 29 USC 1003(a). The next inquiry is whether any of the exceptions in subsection 1003(b) apply to take the mutual pension outside the ERISA's

coverage. The ERISA does not apply to an employee benefit plan if (1) the plan is a governmental plan,[2] (2) the plan is a church plan[3] with respect to which no election has been made under subsection 410(d) of title 26, (3) the plan is maintained solely for the purpose of complying with applicable worker's compensation laws or unemployment compensation or disability insurance laws, (4) the plan is maintained outside the United States primarily for the benefit of persons substantially all of whom are nonresident aliens, or (5) the plan is an excess benefit plan[4] and is unfunded.

Plaintiff provided this Court with few details regarding the nature of the mutual pension at issue. Plaintiff merely states that "[t]here can be no doubt that the mutual pension benefit paid to plaintiff is an 'employee benefit plan'" under the ERISA. Because it appears from the facts presented that the mutual pension at issue was part of an employee benefit plan as that phrase is defined in the ERISA, and that none of the exceptions set forth in subsection 1003(b) are applicable, for the purposes of this opinion we will assume, without deciding, that the mutual pension at issue was part of a pension plan covered by the ERISA.

Assuming that the mutual pension plaintiff receives is part of an employee benefit plan that is covered by the ERISA, we must now determine whether § 354 "relates to" the employee benefit plan. A state law "relates to" an employee benefit plan if it " 'has a connection with or reference to such a plan.' " *D'Avanzo*

---

[2] See 29 USC 1002(32) for the definition of a governmental plan.

[3] See 29 USC 1002(33) for the definition of a church plan.

[4] See 29 USC 1002(36) for the definition of an excess benefit plan.

*v Wise & Marsac, PC*, 223 Mich App 314, 321; 565 NW2d 915 (1997), quoting *Ingersoll-Rand Co v McClendon*, 498 US 133, 139; 111 S Ct 478; 112 L Ed 2d 474 (1990). A state law may "relate to" a benefit plan even if its effect on the plan is indirect and even if the law was not specifically designed to affect the plan. *Ingersoll-Rand, supra*; *D'Avanzo, supra*. Generally, the ERISA preempts a state law when the state law interferes with an ERISA plan by (1) altering the level of benefits that would be paid out under a given plan from state to state, (2) altering the terms of a plan, such as the requirements for eligibility, or (3) subjecting the fiduciaries of a plan to claims other than those provided for in the ERISA itself. *Teper v Park West Galleries, Inc*, 431 Mich 202, 214; 427 NW2d 535 (1988). However, while the scope of the ERISA preemption provision is broad, it is not without limits. "State laws or state-law claims whose effect on employee benefit plans is merely tenuous, remote, or peripheral are not preempted." *D'Avanzo, supra* at 321-322, citing *Shaw v Delta Air Lines, Inc*, 463 US 85, 100, n 21; 103 S Ct 2890; 77 L Ed 2d 490 (1983). Moreover, it is presumed that, in enacting the ERISA, Congress did not intend to preempt areas of traditional state regulation. *Teper, supra* at 208. Worker's compensation traditionally is an area of state authority. *Saylor v Parker Seal Co*, 975 F2d 252, 256 (CA 6, 1992).

Applying these principles to the instant case leads us to the conclusion that § 354 is not preempted by the ERISA. First, § 354 does not alter the level of benefits that would be paid out under a given employee benefit plan from state to state. *Teper, supra* at 214. The coordination provisions in § 354 have no effect

on the amount of benefits paid under the mutual pension. Rather, § 354 affects the amount of worker's compensation benefits paid to the employee. Second, plaintiff has not demonstrated that § 354 alters the terms of the pension plan. *Id.* Finally, plaintiff has not demonstrated that § 354 subjects the fiduciaries of the pension plan to claims other than those provided in the ERISA. *Id.*

Because § 354 does not affect the administration of the mutual pension plan, but only affects the amount of worker's compensation benefits paid, which is traditionally an area of state authority, we conclude that any effect of § 354 on the pension plan is too tenuous and remote to warrant preemption.

Our conclusion is supported by the decision of the Sixth Circuit Court of Appeals in *Saylor, supra.*[5] In *Saylor, supra* at 254, the court considered whether the ERISA preempted Kentucky common law allowing employers to reduce the amount of worker's compensation payments an employee received by the amount of the payments the employee received under a disability pension plan covered by the ERISA. Noting that the ERISA plan did not prohibit the integration of pension and worker's compensation benefits and that the reduction in worker's compensation benefits did not affect the administration of the defendant's pension plan, the court concluded that the ERISA did not preempt the Kentucky common law allowing the reduction in worker's compensation benefits. *Id.* at 256. Similarly, in the instant case, because § 354 alters only the amount of worker's compensation benefits

---

[5] Although not binding on this Court, federal precedent may provide persuasive authority. See *Ward v Parole Bd*, 35 Mich App 456, 461; 192 NW2d 537 (1971).

paid to an employee and has no effect on the amount of pension benefits paid, § 354 is not preempted by the ERISA.

Furthermore, contrary to plaintiff's argument, we find the United States Supreme Court's reasoning in *Alessi v Raybestos-Manhattan, Inc*, 451 US 504; 101 S Ct 1895; 68 L Ed 2d 402 (1981), to be inapplicable to the instant case. In *Alessi*, the Supreme Court considered a New Jersey statute that prohibited employee pension plans subject to ERISA regulation from reducing an employee's pension benefits by an amount equal to the worker's compensation payments for which the employee was eligible. *Id.* at 507-508. The Court held that the state statute was preempted by the ERISA because it prohibited pension plan administrators from integrating pension benefits, which was a method of calculating pension benefits permitted by federal law. *Id.* at 524. Unlike the state statute at issue in *Alessi*, § 354 does not attempt to regulate the administration of the pension plan, but only regulates the amount of worker's compensation benefits paid to an employee. Thus, it is clear that *Alessi* is factually distinguishable from the instant case.

We therefore conclude that the ERISA does not preempt § 354 of the WDCA and we affirm the decision of the Worker's Compensation Appellate Commission holding that defendant properly coordinated plaintiff's benefits.

Affirmed.