*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROGER PINEAU,

        Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
June 10, 2026
12:01 PM

No. 375585
Van Buren Circuit Court
LC No. 2022-072317-NF

Before: REDFORD, P.J., and WALLACE and LIEVENSE, JJ.

PER CURIAM.

Following a November 3, 2021 incident in which he suffered severe injuries as a result of a firework exploding in his motor vehicle while he was driving it, plaintiff, Roger Pineau, filed a claim for personal protection insurance (PIP) benefits for allowable expenses under Michigan's no-fault act, MCL 500.3101 *et seq.*, with his automobile insurer, State Farm Mutual Automobile Insurance Company (State Farm). State Farm denied coverage on plaintiff's PIP claim, contending his injuries were entirely the result of the firework and did not arise out of "the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle." MCL 500.3105(1). Plaintiff thereafter filed his September 6, 2022 complaint initiating this lawsuit against the defendant, State Farm.

State Farm's defense throughout this lawsuit has essentially been the same as its basis for denial of coverage. The matter went to jury trial and the jury returned a February 19, 2025 verdict in plaintiff's favor. State Farm timely appeals from the trial court's final judgment following the jury's verdict. We affirm.

## I. FACTUAL BACKGROUND

In his deposition testimony, plaintiff described the November 3, 2021 incident and his resulting injuries that led to his claims for PIP benefits. He testified that:

> I was on my way to work and, just like normal. I went to light up a cigarette
> with the car lighter, and I got it lit and I drifted over onto the rumble strips in the

-1-

middle of the road. And I swerved back. I was trying to get the lighter back into the car and I dropped it and it fell on my console. And there was a firework there. I seen the spark and I tried to grab it and get rid of it, and I dropped it and it went off.

And then, I was just blind—blind and deaf because of the brightness and the sound. The only thing I can think of was just slammin' on the brakes and praying to God I didn't hit nobody or, you know, go off the side of the road or anything. But I ended up in the—in the middle of the road there right in front of the church. And I jumped out of my vehicle. Looked at my hand, and then, stuffed it underneath my armpit to try to keep the blood from, you know, blood from going, and started screamin' for help 'til the other motorists—they showed up.

Plaintiff testified that, as a result of this incident, he lost three-and-a-half fingers on his left hand; a finger on his right hand; his eyesight and hearing are now compromised; his ability to maintain a train of thought, word comprehension, and memory are compromised; and he now gets frustrated easily, sleeps poorly, and suffers from bad nightmares.

As noted, plaintiff's automobile insurer, State Farm, denied coverage on plaintiff's subsequent PIP claim, contending his injuries were entirely the result of the firework exploding in his hand and did not arise out of "the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle," whereupon plaintiff initiated this civil litigation for those PIP benefits. MCL 500.3105(1).

State Farm sought summary disposition pursuant to MCR 2.116(C)(10). That motion contended that plaintiff purportedly provided multiple different versions regarding how the subject incident occurred and that under each such version he did not sustain accidental bodily injury arising out of "the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle" pursuant to MCL 500.3105(1). These different versions cited in the motion are:

- statements attributed to plaintiff contained in the police report for the incident and repeated by the investigating officer at his deposition that "PINEAU confirmed that he was driving down the roadway and had a firework that he was going to light and throw out the window to see how loud it was going to be and it went off in his hand," and a similar statement attributed to plaintiff in State Farm's claim notes from his initial contact with them that "[h]e was in his car lighting fireworks and did not release the fireworks in time causing [his] left hand to be amputated and two fingers on the Right hand to be amputated";

- statements attributed to plaintiff contained in the treating hospital's records that he "lit a mortar explosive and was planning to throw it out the window at a deer"; and

- plaintiff's sworn deposition testimony, as already recounted.

State Farm's motion contended that plaintiff's injuries do not come within MCL 500.3105(1) because there was no nexus between those injuries and the "vehicular use" or "transportation function" of the motor vehicle that is more than "but for," incidental, or fortuitous, citing *McKenzie*

*v Auto Club Ins Assoc*, 458 Mich 214, 226; 580 NW2d 424 (1998), and *Thornton v Allstate Ins Co*, 425 Mich 643, 659-660; 391 NW2d 320 (1986).

Plaintiff's response contended that his sworn deposition testimony created a question of material fact whether his injuries arose from his operation or use of his motor vehicle as a motor vehicle when, in the course of using the vehicle's cigarette lighter and returning it to its socket while driving to work, his car drifted and hit the rumble strips in the middle of the road, causing him to drop the lighter in the vehicle's console and ignite the firework's fuse. Further, he could not simply evacuate the motor vehicle and get away from the lit firework because he was operating it at the time, and he was likewise unable to toss the lit firework out of the vehicle's window in time, resulting in his injuries. Thus, plaintiff contended this chain of events would not have occurred if he was not driving a motor vehicle at the time.

The trial court heard oral argument on State Farm's motion before denying it on the record:

> The Court looked at all of [the] factors, but also with focusing on the—the one factual scenario where Mr. Pineau was under oath, which was when he indicated how—how the fireworks that were in the cab of his truck actually did ignite. So, when I look at the—the evidence that has been provided thus far in this case in the light most favorable to the plaintiff, it appears that he was operating his vehicle on a public highway, he encountered a condition in the roadway, which was the rumble grooves in the pavement, that caused him, by his testimony, to drop his hot cigarette lighter onto an unlit firework, causing it to explode in the cab of his vehicle, that viewing the evidence, the motor vehicle appears in this case to be, not merely the sight [sic: site] of where the plaintiff was injured. Instead, it appears that the plaintiff's injuries arose out to the use of a—a vehicle, as a vehicle . . . . That the operation of the vehicle's steering and cigarette lighter are normal activities associated with the use of a—of a vehicle, as a motor vehicle . . . .

The trial court likewise found the requisite nexus between plaintiff's injuries and the transportation function of a motor vehicle:

> [T]he causal connection need only be more than incidental, fortuitous, or but for . . . . So, it is normal and foreseeable for an owner of a motor vehicle, while driving on a public highway, might encounter road condition that acts on the vehicle in such a way to cause the driver to—to drop a hot—hot cigarette lighter, then ignite flammable materials within the passenger compartment. It's not abnormal or unforeseeable that a vehicle owner may transport consumer grade fireworks in the passenger cabin of his or her vehicle.
>
> And consequently, it's not outside the realm of—for—reasonable foreseeability that fireworks being transported in a vehicle could be ignited accidentally when a condition in the roadway causes the operator to drop a hot cigarette lighter. And that, in this matter, the evidence being viewed in the light most favorable to the plaintiff, is established a sufficiently close nexus between plaintiff's injury and plaintiff's use of the motor vehicle to justify recovery. So, the Court does find that there is—does exist a genuine issue of material fact regarding

plaintiff's recovery under MCL 500.3105, and that the defendant's motion in this matter is denied.

The trial court entered an order denying summary disposition adopting this ruling from the bench.

The matter then proceeded to a jury trial. At trial, plaintiff testified that while he was driving, he lit a cigarette that was in his mouth with his car lighter. As he was attempting to return the car light to its socket, his vehicle drifted toward the center of the road and hit the rumble strips there. Plaintiff testified that this startled and caused him to swerve his vehicle back into the center of his lane and fumble and drop the car lighter. The car lighter dropped into the console of the vehicle and its hot coils ignited the wick of a fireworks mortar that was resting there. Plaintiff testified that he picked up the lit firework, to try to get rid of it out the window, but then "I dropped it, almost in my lap, because it got hot." The fireworks mortar exploded right in front of him, causing him severe pain and injury to his hands and fingers, and he stopped his car in the middle of the roadway.

A sheriff's deputy then arrived at the scene, observed plaintiff lying on the side of the highway in extreme pain, and spoke with him. The deputy testified that plaintiff told him that "he went to light the firework and throw it out the window to see how loud it would be," and never mentioned anything about dropping the car lighter into the console and accidentally igniting the firework wick. The deputy acknowledged that plaintiff was in extreme pain and may "have been in shock . . . due to the severity of the injury" when he was speaking with him. Plaintiff testified that he was not throwing fireworks out the window to see how loud they were and that he does not even recall having spoken to the sheriff's deputy at the scene, let alone making such statements.

Plaintiff moved for a directed verdict, which the trial court denied, finding "there are still facts regarding causation that are left for the jury based on the plaintiff's testimony alone." State Farm then likewise moved for a directed verdict, arguing that plaintiff's "accidental bodily injury did not arise out of the ownership, operation, maintenance, or use of a motor vehicle" as a motor vehicle. The trial court likewise denied State Farm's motion because there were questions of fact for the jury's resolution as to causation.

The jury rendered its verdict in plaintiff's favor, finding his accidental bodily injury arose out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle, and awarding PIP benefits for allowable expenses as well as penalty interest for overdue benefits. This timely appeal followed the trial court's entry of the April 21, 2025 final judgment following the jury's verdict.

## II. SUMMARY DISPOSITION

MCR 2.116(C)(10) provides for summary disposition on a motion when: "Except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the *factual*

*sufficiency* of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

> When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*Id*. (quotation marks and citations omitted).]

"The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10)." *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). "Courts are liberal in finding a factual dispute sufficient to withstand summary disposition." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009). "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, whether summary disposition is proper is a question of law for the Court." *Estate of Miller v Angels' Place, Inc*, 334 Mich App 325, 330; 964 NW2 839 (2020).

MCL 500.3105(1) provides: "Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle." In interpreting "arising out of the . . . use of a motor vehicle as a motor vehicle," the Michigan Supreme Court has found "this language shows that the Legislature was aware of the causation dispute and chose to provide coverage only where the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or 'but for.' " *Thornton v Allstate Ins Co*, 425 Mich 643, 659; 391 NW2d 320 (1986). The *Thornton* Court found PIP benefits for the plaintiff taxi driver's injuries were not recoverable under § 3105 where he was shot while being robbed by his fare, because the motor vehicle "was not the instrumentality of the injuries," but merely the situs of an armed robbery that could have occurred anywhere. *Id*. at 660. "The relation between the functional character of the motor vehicle and [the plaintiff's] injuries was not direct—indeed, the relation is at most incidental." *Id*. *Thornton* further explained:

> While the injuries were perhaps "foreseeably identifiable" with the occupational or commercial use of a motor vehicle as a taxicab, the relation of the gunshot wound to the functional use of a motor vehicle as a motor vehicle was at most merely "but for," incidental, and fortuitous. The mere foreseeability of an injury as an incident to a given use of a motor vehicle is not enough to provide no-fault coverage where the injury itself does not result from the use of the motor vehicle as a motor vehicle. Likewise, the mere absence of foreseeability would not necessarily preclude coverage. [*Id*. at 661.]

Stated somewhat differently, "whether an injury arises out of the use of a motor vehicle 'as a motor vehicle' under § 3105 turns on whether the injury is closely related to the transportational function of automobiles." *McKenzie v Auto Club Ins Ass'n*, 458 Mich 214, 225-226; 580 NW2d 424 (1998). "[M]oving motor vehicles are quite obviously engaged in a transportational function." *Id*. at 221.

Aside from plaintiff's deposition testimony, the other "versions" cited in State Farm's motion for summary disposition regarding how the subject incident occurred were mere second-hand recounts of what plaintiff purportedly said to the investigating police deputy, a State Farm representative, and hospital staff. While these versions may be properly considered as an opposing party's statements (MRE 801(d)) or under certain hearsay exceptions (e.g., MRE 803(1), (2), (4), or (6)), the evidence must be considered in the light most favorable to the non-movant, and, in light of plaintiff's deposition testimony, they only serve to demonstrate an issue of material fact. The trial court correctly found that plaintiff's sworn deposition testimony was sufficient to establish an issue of material fact for a jury's resolution as to whether his injuries arose out of the operation or use of his motor vehicle as a motor vehicle.

Properly viewing the conflicting evidence in the light most favorable to the nonmovant plaintiff, a reasonable jury could determine that plaintiff's injuries arose out of the vehicle traveling over the rumble strips, which caused plaintiff to drop the car's hot cigarette lighter, which in turn lit the firework that exploded in close proximity to plaintiff. The fact that plaintiff was operating a moving vehicle at the time meant that he could not simply get out of the explosive range of the lit firework. The choice he was suddenly faced with was to either let the firework explode inside the vehicle or to try to quickly toss it outside. A reasonable jury could determine that the operation of the motor vehicle was not merely incidental to the injuries on these facts, but that it was instead *instrumental*, because, if plaintiff had not been operating a moving vehicle at the time, he could have simply evacuated the vehicle out of the range of the imminent firework explosion. Likewise, a reasonable jury could determine that the use of the vehicle was not fortuitous, i.e., it did not happen by chance, because, again, the chain of events does not occur if plaintiff was not operating a moving vehicle that travelled over rumble strips, causing him to fumble the hot car cigarette lighter (the use of which is obviously contemplated in the motor vehicle's operation and use). For the same reasons, plaintiff's injuries are closely related to the motor vehicle's transportational function, i.e., the injuries do not occur if plaintiff was not operating or using a moving vehicle at the time. See *McKenzie*, 458 Mich at 225-226. While this case presents an injury as an incident of operating or using a motor vehicle under unusual factual circumstances, as noted by our Supreme Court in *Thornton*, PIP coverage is not precluded based upon "the mere absence of foreseeability." *Thornton*, 425 Mich at 661.

State Farm's reliance on *Yost v League Gen Ins Co*, 213 Mich App 183; 539 NW2d 56 (1995) is misplaced because it is factually distinguishable. In that case, the plaintiff's injuries occurred when, while plaintiff was sleeping in a parked car, investigators found that it caught fire when a lighted cigarette fell on combustible material inside the vehicle, and there was no indication that the car was the source of the fire. *Yost*, 213 Mich App at 184. This Court affirmed partial summary disposition, holding that the statutory exception to the "parked vehicle exclusion" to recovery of PIP benefits under MCL 500.3106(1)(c) based upon the plaintiff occupying the parked vehicle did not apply as a matter of law. *Id*. at 185. It held this because plaintiff did not establish the car "was being used as a motor vehicle when the accident occurred." *Id*. at 185. "When the car caught fire, it was being used as nothing more than a bed," "there was nothing distinctive about the car, such as sleeping accommodations, that invited its use as a bed," and "[t]he relation of plaintiff's burn injuries to the car's functional use as a motor vehicle was at most merely fortuitous; the injuries could have occurred as easily on a couch in his own living room." *Id*. In contrast, as noted, here we find questions of material fact as to when the motor vehicle operation and use as such was instrumental in the incident and in plaintiff sustaining his injuries.

-6-

State Farm's reliance on *Richland Knox Mut Ins Co v Kallen*, 376 F2d 360 (CA 6, 1967), is also unpersuasive and inapplicable to the issues in this case. *Richland Knox* is from 1967 (predating the March 30, 1973 effective date of § 3105 by six years) and addresses "whether the injuries sustained . . . arose from the 'use' of an automobile as that term is used in the exclusionary clause" of a homeowner's policy where the defendant vehicle passenger intentionally lit a firecracker, "followed by his unsuccessful attempt to throw the firecracker out of the car window" and it exploding within the car, in turn igniting and causing other firecrackers to explode, causing personal injury. *Richland Knox*, 376 F2d at 364-365. This federal case is not a binding precedent,[1] predates MCL 500.3501, and accordingly does not address whether the injuries arose out of the operation or use of a motor vehicle as a motor vehicle.[2] Further, unlike the facts in *Richland Knox*, here plaintiff's testimony was that his operation of the motor vehicle caused him to fumble the hot car cigarette lighter and unintentionally ignite the firework fuse, and the fact that he was operating the motor vehicle at the time prevented him from evacuating the vehicle.

We find no error in the trial court's denial of State Farm's motion for summary disposition pursuant to MCR 2.116(C)(10) in our de novo review.

## III. DIRECTED VERDICT

A motion for a directed verdict should be granted only if the evidence fails to establish a claim as a matter of law. *Sniecinski v Blue Cross & Blue Shield of Michigan,* 469 Mich 124, 131; 666 NW2d 186 (2003). *Sniecinski* held:

> In deciding whether or not to grant a motion for a directed verdict, the trial judge must accord to the non-moving party the benefit of viewing the testimony and all legitimate inferences that may be drawn therefrom in a light most favorable to the non-moving party. If the evidence, when viewed in this manner, establishes a prima facie case, the motion for a directed verdict must be denied. [*Caldwell v Fox*, 394 Mich 401, 407; 231 NW2d 46 (1975).]

A trial court's decision on a motion for a directed verdict is reviewed de novo. *Zsigo v Hurley Med Ctr*, 475 Mich 215, 220; 716 NW2d 220 (2006). "When considering a motion for a directed verdict, it is 'the factfinder's responsibility to determine the credibility and weight of trial testimony.'" *King v Reed*, 278 Mich App 504, 522; 751 NW2d 525 (2008), quoting *Zeeland Farm Servs, Inc v JBL Enterprises, Inc,* 219 Mich App 190, 195; 555 NW2d 733 (1996). "If reasonable jurors could honestly have reached different conclusions, [the appellate court] may not substitute its judgment for that of the jury." *Silberstein v Pro-Golf of America, Inc,* 278 Mich App 446, 455; 750 NW2d 615 (2008) (quotation marks and citation omitted).

---

[1] "Although not binding on this Court, federal precedent may provide persuasive authority." *Scheuneman v Gen Motors Corp*, 243 Mich App 210, 217; 622 NW2d 525 (2000).

[2] Again, causation in a PIP case does not involve an analysis of proximate cause, it involves an analysis of whether the claimed benefit for accidental bodily injury arose out of "the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle." MCL 500.3105(1).

We find that the trial court's properly denied State Farm's motion for directed verdict for essentially the same reasons as it properly denied its motion for summary disposition. Plaintiff's testimony at trial was consistent with his testimony at his deposition and it established a prima facie case for his accidental bodily injuries having arisen out of his operation and use of a motor vehicle as a motor vehicle. Based upon plaintiff's consistent testimony at trial, reasonable jurors could have concluded that plaintiff's operation and use of the transportational function of the motor vehicle was instrumental in the chain of events leading to his injuries, rather than incidental or fortuitous.

## IV. JURY VERDICT

In challenging a jury's verdict as being against the great weight of the evidence, "this Court must give substantial deference to the judgment of the trier of fact. If there is any competent evidence to support the jury's verdict, we must defer our judgment regarding the credibility of the witnesses." *Allard v State Farm Ins Co*, 271 Mich App 394, 406-407; 722 NW2d 268 (2006). "A jury's verdict is to be upheld, even if it is arguably inconsistent, '[i]f there is an interpretation of the evidence that provides a logical explanation for the findings of the jury.' " *Bean v Directions Unlimited, Inc*, 462 Mich 24, 31; 609 NW2d 567 (2000), quoting *Granger v Fruehauf Corp*, 429 Mich 1, 7; 412 NW2d 199 (1987). " 'Only where verdicts are so logically and legally inconsistent that they cannot be reconciled will they be set aside.' " *Allard*, 271 Mich App at 407, quoting *Lagalo v Allied Corp*, 457 Mich 278, 282; 577 NW2d 462 (1998).

For the reasons already articulated with regard to the trial court's denial of State Farm's motions for summary disposition and directed verdict, the jury's verdict for plaintiff *is not* so logically and legally inconsistent that it cannot be reconciled. Michigan's no-fault act, MCL 500.3101 *et seq*., is remedial in nature and so it "must be construed liberally in favor of those who are the intended beneficiaries of the act." *Hmeidian v State Farm Mut Auto Ins Co*, 326 Mich App 467, 478; 928 NW2d 258 (2018). As articulated, we find that plaintiff was an intended beneficiary of the act where a reasonable jury could conclude the subject incident and resultant injuries arose from his operation and use of the motor vehicle as a motor vehicle.

Affirmed.

/s/ James Robert Redford
/s/ Randy J. Wallace
/s/ Andrew J. Lievense